WHITE et al. v. GERMAN ALLIANCE INS. CO. OF NEW YORK.

(Circuit Court of Appeals, First Circuit. June 15, 1900.)

No. 304.

1. APPEAL—REVIEW—ACTION TRIED TO COURT.
    Where a jury trial is waived by stipulation in an action at law, and
    the court makes a general finding for one party, a bill of exceptions brings
    up for review only rulings made in the course of the trial, to which ex-
    ception was taken, which do not include the general finding, nor the con-
    clusions of the court embodied therein.

2. AGENCY—EVIDENCE TO ESTABLISH.
    Letters written by an agent to third persons respecting the cancellation
    of insurance policies of his principal and the substitution of new policies
    are admissible in proof of the agent's authority, where it is also shown
    that the principal knew and acquiesced in his acts.

In Error to the Circuit Court of the United States for the District of
Rhode Island.

Wm. G. Roelker and Frank W. Tillinghast, for plaintiffs in error.

E. S. Mansfield (Phillip Mansfield, on the brief), for defendant in
error.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District
Judge.

COLT, Circuit Judge. In this case a jury trial was waived, and
the court below made a general finding for the defendant. 93 F. 161.
Where a case is tried by the court without a jury, the bill of excep-
tions brings up nothing for revision, except what it would have done
had there been a jury trial. Where the finding is general, the parties
are concluded by the determination of the court, except in cases where
exceptions are taken to the rulings of the court in the progress of
the trial. The rulings of the court in the progress of the trial do
not include the general finding of the court, nor the conclusions of
the court embodied in such general finding. These propositions are
laid down in Insurance Co. v. Folsom, 18 Wall. 237, 248, 250, 253,
254, 21 L. Ed. 827, and Cooper v. Omohundro, 19 Wall. 65, 69, 22 L.
Ed. 47. The construction given by the supreme court to the statute
relating to jury trial waived cases (Rev. St. §§ 649, 700) confines the
questions open for review on this particular writ of error to the ex-
ceptions taken in the court below to the admission of certain evidence.

This suit was brought to recover on a policy of fire insurance issued
by the defendant upon mill property owned by the plaintiffs. The case
turned on the question of cancellation. It appeared that one Tilling-
hast, an insurance broker, was authorized by the plaintiffs to procure
$40,000 additional insurance on their mill property, and that he
placed this insurance in several companies,—the defendant being one,
—and sent the policies to the plaintiffs. Within a few days thereafter
Tillinghast was notified by the agent of the companies that they did
not care to longer continue the risk, and a return of the policies was
requested. Thereupon he communicated this to the plaintiffs by letter,
and proceded to replace the insurance in other companies. The ma-

terial issue of fact in the court below was whether Tillinghast was authorized by the plaintiffs to cancel the original policies and substitute new policies. Although the policy contained the usual provision respecting cancellation by the company, or at the request of the insured, by giving five days' notice, it was not necessary to prove that personal notice was given the insured, provided it was shown that Tillinghast had authority to cancel the original policies upon taking out other insurance for a like amount. In support of defendant's contention on this point, it offered in evidence, against the objection of the plaintiffs, certain letters which passed between Tillinghast and the agent of the companies which issued the first policies, respecting the cancellation of those policies; also, certain letters and a telegram which passed between Tillinghast and the agent of the companies which issued the new policies respecting the placing of the substituted insurance,—as bearing upon the authority of Tillinghast to cancel the old policies and to substitute others. This evidence, standing alone, was not admissible; but, as one link in the chain of proof which was presented on this issue, it was, in our opinion, clearly admissible. In addition to this evidence, the record discloses that there was direct evidence, in the form of letters, that the plaintiffs had knowledge of the acts of Tillinghast, and of their acquiescence in what was being done. There was also evidence that the plaintiffs had accepted payment of the substituted policies, and had entered into a contract of adjustment with the substituted companies, under which the present suit was brought in the name of the plaintiffs to enable the substituted companies to work out a contribution from the defendant company, all of which tended to prove an adoption by the plaintiffs of the acts of Tillinghast respecting the substitution of new policies for the old. It is not for this court to pass upon the sufficiency or weight of the evidence. That was for the court below, and we have no power to disturb a general finding by the court on issues of fact, where there is evidence to support the finding.

Assuming that the plaintiffs' requests for certain rulings at the close of the testimony were refused, and that exceptions were duly taken to such refusal, these exceptions cannot be considered by this court, because they seek to review certain conclusions of the court below which were necessarily embodied in the general finding by that court. Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47. Judgment affirmed, with costs of this court for the defendant in error.