A. DAVIS & SON, LIMITED, Appellant, *v.* RUSSIAN TRANSPORT
AND INSURANCE COMPANY, Respondent.

First Department, April 5, 1918.

**Insurance — fire insurance — cancellation of policy and reinsurance
in other companies — effect of acceptance of payment of loss by
substituted companies — principal and agent — ratification of act
of agent by acceptance of benefits of contract — principal cannot
ratify parts of agent's act and repudiate those not beneficial —
proof of loss delivered to agent of insured and returned by
him — proof of loss mailed to foreign insurance company.**

Where a sub-agent through whom the plaintiff had placed policies of nre
insurance upon its property, advised the plaintiff's agent that certain
insurance placed with a foreign insurance company not authorized to
do business in this State should be canceled and replaced with other
insurers, which was done, and new insurance in lieu thereof was accepted
by the plaintiff, which collected a loss in full on the new policies, it
cannot recover upon the foreign policy.

The plaintiff having accepted the new policies with full knowledge that
they were taken out in place of the foreign policy, cannot keep the new
policies and recover thereon, without ratifying the act of its sub-agent
in making the substitution, although technically the foreign policy was
not canceled at the time of the loss by fire and had never been surrendered
for cancellation.

A principal cannot ratify the acts of an agent in so far as they are beneficial
without adopting the parts that are not to his advantage.

A proof of loss mailed to the plaintiff's own sub-agent was not notice to
the foreign insurance company, especially when the sub-agent did not
deliver said proof of loss to the agent of the insurer.

Where the policy required the plaintiff to give proof of loss within sixty
days after the occurrence of a fire, the fact that plaintiff mailed by
registered letter a duplicate of proof of loss addressed to the foreign
insurer in Russia, did not establish that said proof was received by the
insurer within said sixty days, especially in the absence of proof as to the
time necessary for transmission in due course of the mails.

APPEAL by the plaintiff, A. Davis & Son, Limited, from
a judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of New York
on the 7th day of March, 1917, upon the verdict of a jury
rendered by direction of the court.

*William B. Ellison* of counsel [*Bruce Ellison* and. *Andrew A. Fraser* with him on the brief], for the appellant.

*Wendell P. Barker* of counsel [*Albert J. Hiers* and *Ira L. Anderson* with him on the brief], for the respondent.

PAGE, J.:

The action was brought to recover for a loss by fire upon an insurance policy issued by the defendant for $7,500. The plaintiff is a manufacturing corporation situated in Kingston, Ont., and employed the firm of Parkes, McVittie & Shaw, insurance brokers, in Toronto, Ont., to place fire insurance upon its property for the year 1914 to the amount of $350,000. Parkes, McVittie & Shaw placed the insurance through their own office amounting to $22,500. The remaining $327,500 they transmitted to Fred S. James & Co., in New York, who placed the same with various companies, including the defendant. The defendant corporation was organized and existed under the laws of the Empire of Russia and had not complied with the laws of the State of New York authorizing it to do business in this State. It appears to have been represented here by Douglas Bros., a corporation having an office at 123 William street, in the same building with Fred S. James & Co. It was shown that after the breaking out of the European war Fred S. James & Co. had several conversations with representatives of Douglas Bros., as to the responsibility, under existing circumstances, of the defendant, and finally Douglas Bros. recommended that the insurance in the defendant be replaced in other companies, whereupon Fred S. James & Co. placed insurance in the Ætna Insurance Company for $2,500, and in the Insurance Underwriters for $5,000, and on the 8th day of August, 1914, wrote to Parkes, McVittie & Shaw the following letter: " We secured advice last night that the Russian Transport Company was not in very good standing, and finding them interested under Policy No. 207014 in an amount of $7,500. on the above risk, we replaced same from yesterday in the Insurance Underwriters $5,000 and the Ætna $2,500, and suggest that you kindly return the above numbered Russian Transport Policy for immediate cancellation, together with six copies of forms for the writing of the new policies."

On August tenth Parkes, McVittie & Shaw replied as follows: " Replying to your favor of the 8th inst. re Russian Transport Company, Policy No. 20701, we note your remarks that you replaced this Policy in the Insurance Underwriters for $5,000, and the Ætna for $2,500, and enclose you forms for new Policies."

The fire occurred in the plant of A. Davis & Son on August ninth. Notice of loss was sent addressed Russian Transport and Insurance Company, Douglas Bros. correspondent, 123 William street, New York city. No attention was paid to this notice by Douglas Bros. Thereafter proofs of loss were prepared and one proof was sent addressed Russian Transport and Insurance Company, Fred S. James & Co., agents, 123 William street. There was also mailed a registered letter inclosing duplicate proofs of loss addressed to the defendant at St. Petersburg, Russia. This letter was never returned to the plaintiff, nor was there any proof of its having been received by the defendant. It was mailed on the 24th day of September, 1914. The proof of loss was returned by Fred S. James & Co. to Parkes, McVittie & Shaw in a letter which stated that the said policy was canceled on August seventh and replaced by the Insurance Underwriters and Ætna policies, and that, therefore, no proofs could have been made out under their Russian Transport policy.

It appears that the plaintiff retained the Insurance Underwriters and the Ætna policies and has collected in full upon them, and is now seeking to collect also upon the policy of the defendant. While it was not shown that Fred S. James & Co. had any power to cancel the Russian Transport policy and replace the insurance in other companies, nevertheless, the plaintiff, having accepted the two policies with full knowledge that they were taken out in place of the Russian Transport policies, could not keep them and recover upon that insurance without ratifying the action of Fred S. James & Co., in making the substitution, and while technically it might be that the Russian Transport policy was not canceled at the time of the fire and had never been surrendered for cancellation, nevertheless, the plaintiff was bound to take its position and either return the Russian Transport policy

for cancellation or refuse to accept the Insurance Underwriters and Ætna policies in place thereof. The plaintiff could not ratify the act of the agents in so far as it was beneficial to it without adopting the part that was not to its advantage. The full line of insurance which the plaintiff had placed prior to the fire was $350,000. Its losses have been adjusted upon that basis. The court below might well have directed the verdict for the defendant upon the general ground that the policy in suit had been replaced and was not in force and effect at the time of the fire. The facts were pleaded as a defense and the uncontradicted evidence supported the defense. The defendant's attorney did not, however, move for a direction upon this ground. His motion was predicated upon the failure to render to the defendant proofs of loss within sixty days after the fire.

There can be no contention made that the proofs of loss mailed in the envelope addressed to the defendant Fred S. James & Co., agents, would be a sufficient compliance with the terms of the policy. Fred S. James & Co. were not the agents of the defendant, but of the plaintiff. Not alone is there no evidence tending to show that James & Co. delivered the proofs to Douglas Bros., but the evidence is to the contrary, that James & Co. promptly returned the same with a statement that the policy had been canceled and the insurance replaced in the Ætna and Insurance Underwriters.

The plaintiff contends, however, that the mailing of the proofs addressed to the defendant at St. Petersburg, Russia, forty-six days after the fire was a compliance with the policy. The burden was on the plaintiff to prove that the proofs were received by the company within sixty days after the fire occurred. (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 362.) The transmission by mail was the same as sending by any other agent; it was not sufficient to show delivery to the agent for transmission; it was necessary to show delivery by the agent to the defendant. It is true that there is a presumption that the letter containing the proofs was received by the defendant in the due course of the delivery of the mails. The presumption does not arise, however, that the delivery was made at any specified time; certainly not in the absence of proof as to the time necessary for transmission

in the due course of the mails. (*Bell* v. *Lycoming Fire Ins. Co.*, 19 Hun, 238, 239; *Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608, 619; *Peabody* v. *Satterlee*, 166 id. 174.) The plaintiff, therefore, failed to establish a fact necessary to recover on the policy if it had been in force at the time of the fire. The verdict was properly directed for the defendant.

The judgment should be affirmed, with costs.

CLARKE, P. J., DAVIS and SHEARN, JJ., concurred; SMITH, J., concurred in result.

Judgment affirmed, with costs.