PAGLIERO et al. v. MERCHANTS FIRE
ASSURANCE CORPORATION OF
NEW YORK.

No. 11831.

Circuit Court of Appeals
Ninth Circuit.

Aug. 5, 1948.

George H. Hauerken and Hauerken,
Ames & St. Clair, all of San Francisco,
Cal., for appellants.

E. M. Taylor, H. A. Thornton and
Thornton & Taylor, all of San Francisco,
Cal., for appellee.

Before GARRECHT, MATHEWS and
ORR, Circuit Judges.

ORR, Circuit Judge.

This is a suit to recover from appellee
loss sustained by appellants as the result of
fire which destroyed property alleged to
have been covered by an insurance policy
issued by appellee. Payment was refused
on two grounds: First, that the insurance
policy in suit was cancelled by agreement
of the parties prior to the fire; second,
that the acts of appellants' insurance brok-
ers in purporting to cancel the insurance
policy issued by appellee were ratified by
appellants.

In 1945 Otis & Browne became appel-
lants' insurance brokers. They secured
new insurance for the Paglieroes in com-
panies in which the Paglieroes had not
been previously insured and had the cov-
erage of polices in effect at the time they
took over modified. The policy in suit was
in the sum of $15,000 and contained a can-
cellation clause providing that the insurer
might cancel the policy by giving five days
notice of cancellation to the insured. On
April 10, 1946 appellee wrote to Otis &
Browne requesting them to cancel the poli-
cy, indicating to them that the insurer was
no longer willing to assume the risk con-
tracted for.

No immediate response to this letter was
made by Otis & Browne. A follow-up let-
ter was sent by appellee to Otis & Browne
on May 3, 1946 asking that the policy be
returned within ten days. Otis & Browne
responded for the first time on May 4, 1946

---

as follows: "You may close your file as this has been replaced as of April 10, 1946."

The standard cancellation clause contained in the policy providing for the five day written notice was not strictly complied with in that the notice was given to Otis & Browne and not to the insured. Otis & Browne procured a new policy for the same amount of $15,000 in another company before sending the letter of May 4th to appellee. The insured property was damaged by fire on May 22, 1946. The amount of the damage was considerably in excess of the entire amount of insurance held by appellants. Several days after the fire appellants were apprised of the true status of their insurance, the attempted cancellation of one policy and the substitution of another in an equal amount. When informed of the action taken by their agents, Otis & Browne, appellants asserted rights under both policies. Home Fire and Marine Insurance Company, from whom the new policy was obtained by Otis & Browne after the cancellation notice was received by them from appellee, paid its share of the loss.

Whether or not Otis & Browne had authority to cause the cancellation of the policy held by appellants with appellee and to procure the new policy presents a question which we think need not be determined. We are of the opinion ratification clearly appears. It is evident that Otis & Browne took out the policy with Home Fire and Marine Insurance Company assuming to act for appellant and for the purpose of replacing the policy in suit after having agreed to the cancellation of that policy. They informed appellants of the action taken by them before appellants made claim for payment from Home Fire and Marine Insurance Company. The $15,000 policy which Otis & Browne secured from Home Fire and Marine Insurance Company brought the total amount of insurance held by appellants to the same level that existed prior to the attempted cancellation of the policy held with appellee.

We are in accord with the holding in several cases where the facts are almost identical with those in the instant case, that it was incumbent on appellants when informed of the action taken by their brokers, Otis and Browne, to elect which policy they could claim under.[1] The controlling principle is, we think, very logically set forth in the case of Finley v. New Brunswick Fire Ins. Co., C.C., 193 F. 195, 197: "And assuming for the purposes of this case that Rogers & Rogers [Otis & Browne] had no authority to cancel the policy in suit, or to substitute another policy in its place, yet, when the plaintiff was informed as to what had taken place, it was incumbent on him to elect which policy he would claim under. If Rogers & Rogers [Otis & Browne] acted without authority, he might disavow their acts, and claim under the three [one] old policies which were in force at the time of the fire, or he might ratify the substitution which his agents had made in his behalf, and without authority; but manifestly he could not do both. He could not claim the benefit arising from the act of his agents in taking out a policy, and at the same time repudiate the object and purpose for which the new policy was obtained. These conclusions would seem inevitable from a mere statement of the facts, and are amply supported by the authorities."

The trial court placed considerable reliance upon the case of Finley v. New Brunswick Fire Ins. Co., C.C., 193 F. 195. We think that court was correct in so doing, but appellants argue that said case does not warrant such reliance and attempt to distinguish it from the case at bar on the ground that the authority granted the agent in the Finley case was much broader than that granted Otis & Browne by appellants. Frankly, we are unable to understand in what manner the degree of power possessed by the broker could have influenced the decision of the court [Finley v. New Brunswick Fire Ins. Co., supra] because it was assumed that no authority existed and the decision was bottomed on ratification. The

---

[1] Finley v. New Brunswick Fire Ins. Co., C.C., 193 F. 195; White v. Ins. Co. of New York, C.C., 93 F. 161, affirmed White v. German Alliance Ins. Co. of New York, 1 Cir., 103 F. 260; Davis & Son v. Russian Transport & Ins. Co., 182 App.Div. 668, 169 N.Y.S. 960.

same may also be said of appellants' second attempt to distinguish the Finley case by pointing out that the agent in that case was acting as broker for one of the parties and agent of the other. In either situation benefit from the act of the agent arising from the taking out of the new policy could not be claimed and at the same time the object and purpose of the agent in securing the new policy, viz., replacement of the old policy, repudiated. Appellants further argue that in the Finley case the claimant was over-insured while in the instant case appellants were under-insured. Again we fail to understand wherein that situation can have any controlling effect.

The admission into evidence of the correspondence between appellee and Otis & Browne is assigned as error because Otis & Browne were not shown to be agents of appellants. Without determining the validity of the contention that Otis & Browne were not agents it is sufficient to say that the evidence was relevant to show the scope of the activities which appellants subsequently ratified.

Judgment affirmed.