[Civ. No. 13478.   Second Dist., Div. One.   June 19, 1942.]

BROWN MATERIALS CO., LTD. (a Corporation), Appellant, v. PACIFIC AUTOMOBILE INSURANCE COMPANY (a Corporation), Respondent.

Joseph E. Madden for Appellant.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Respondent.

DORAN, J.—This is an appeal from a judgment upon a directed verdict in favor of defendant, in an action upon an automobile insurance policy. The policy in question was issued by respondent to cover the fleet of cars and trucks used by appellant in its business. Appellant, in an action for damages against it, had suffered a judgment for $5,325.56 for personal injuries which were the result of an accident involving a truck operated by appellant and covered by the insurance policy above mentioned; and upon respondent's refusal to pay said judgment on behalf of appellant, appellant brought the instant action to recover indemnity under the terms of the policy. Respondent defended upon the ground that appellant had not performed all the conditions of said policy in that appellant did not notify respondent of the accident out of which the claim arose until after appellant had been served with the summons and complaint in the action for personal injuries, which was several months after the accident occurred. Upon conclusion of the evidence, and after both parties had rested, the trial court granted respondent's motion for a directed verdict. The sole question here presented is whether there was sufficient evidence in favor of appellant to justify submission of the case to the jury. Under the well settled rule, upon review of such a question all conflicts in the evidence must be resolved, and every legitimate inference indulged in favor of appellant; and if under such circumstances any evidence is found of sufficient substantiality to support a verdict in favor of appellant, the judgment entered upon the directed verdict must be reversed.

The insurance policy upon which appellant's claim is based covered all of the vehicles of which appellant was the registered owner. Attached to the policy was an agreement or rider, providing that: "In case of accident involving damage to the property of others the assured named in said policy agrees that if the Insurance Company, after completing its investigation, determines that the assured named in said pol-

icy is legally liable therefor, to pay at its own cost each and every such claim not exceeding Twenty-five dollars . . .''; and that the assured would pay the first $25 of any claim for property damage in excess of such sum.

The material portions of the provisions of the policy relating to the duty of the assured to notify the respondent of the occurrence of accidents read as follows:

''(F) Accident and Suit Notice and Cooperation:

''The assured upon the occurrence of an accident involving bodily injuries or death, or damage to property of others, coming within the provisions of Clauses A and/or B of the Insuring and Indemnifying Agreements, shall give written notice thereof, as soon as practicable, with the fullest information obtainable, including names and addresses of witnesses, to the Company at its Home Office, Los Angeles, California, or its duly authorized Agent. He shall give immediate notice, with full particulars, of any claim made on account of such accident. If, thereafter, any suit is brought against the Assured he shall immediately forward to the Company every summons or other process served upon him.''

''(G) Notice and Proof of Loss:

.    .    .    .    .    .    .    .    .    .

''Each and every duty imposed upon the assured by Clauses F and/or G of the Insuring and Indemnifying Conditions of this Policy is a condition subsequent, it being understood that failure to give any notice required to be given by this Policy, within the time specified therein, shall not invalidate any claim made by the Assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.''

Clauses A and B of the policy embodied the provisions relating to indemnification for bodily injuries or death, and property damage.

The accident out of which the suit for injuries arose occurred while appellant's equipment and driver were hauling a large dragline power shovel for the Belyea Company, a contractor. The equipment consisted of a large truck and semitrailer which was especially constructed for moving shovels of that kind. As it was proceeding along the highway, a portion of the shovel extending over the top of the truck struck a

wire that was suspended across the road and on which was attached a street lamp. At the same time the operator of the shovel, who was working for the Belyea Company, either jumped or was brushed from the top of the cab to the ground, as a result of which he suffered injuries, for which he brought the suit above mentioned and recovered the judgment aforesaid.

■ The driver of appellant's truck did not report the incident to the employee whose duty it was to report accidents to the insurance company, but, instead, the driver reported the accident to appellant's sales manager, stating to the sales manager that the shovel operator had either jumped or was brushed off of the equipment and had turned or sprained his ankle, but that the operator did not appear to be hurt. About a month after the occurrence of the accident, in what appears to have been a casual conversation, the truck driver reported the incident to appellant's president and general manager but failed to mention that the shovel operator was in any way involved. Subsequently, the power company owning the street lamp presented its claim for $55.46 damages and was referred by appellant's president to respondent, the insurance carrier; but appellant did not report the occurrence of the accident to respondent. Respondent later wrote to appellant, acknowledging presentation of claims by the power company and requesting information concerning them. Approximately five months after the occurrence of the accident appellant was served with a summons and complaint in the personal injury action instituted by the shovel operator; and these papers were then transmitted to respondent, together with information concerning the operator's claim. Respondent then wrote to appellant, advising that respondent would refuse to perform its obligations under the policy except under an agreement reserving respondent's rights in the matter. Under such an agreement respondent furnished appellant counsel for the defense of the personal injury suit.

Appellant takes the position that its evidence in the instant action established that, according to appellant's information, only trivial and inconsequential damages had been done, which appellant justifiably believed would not result in a claim for damages; and that an assured is not required to give notice of accidents in which the injuries are so trivial as

not to suggest a possible claim for damages. Respondent contends that appellant's delay of five months in the reporting of the accident constituted such a material prejudicial breach of the contract as to absolve the respondent from liability.

The cases cited by appellant in support of its position are all those in which the assured's knowledge of the accident was not such as to indicate the possibility of a subsequent action for damages. The distinction between such cases and the case at bar is that here it was not so much the knowledge which appellant possessed as it was its lack of knowledge. Appellant states that "the test of whether notice is required is not *per se* the nature of the accident, but it is the knowledge of the assured, acquired in the exercise of reasonable diligence, of the nature and extent of the damages caused by the occurrence." It is at once apparent from the evidence presented that appellant did not exercise reasonable diligence in seeking to ascertain the true facts regarding the accident. In fact, appellant does not appear to have made any effort at all to ascertain the true circumstances. The facts in connection with the accident as observed by the driver were such as would put a reasonably prudent man on notice that an action for injuries would be likely to ensue; and the statement of the facts as made by the driver to appellant's sales manager was also such as should give a reasonably prudent man notice of the likelihood of a suit for damages, despite the stated opinion of the driver that he didn't think the shovel operator was hurt. Moreover, appellant's president could easily have ascertained the facts by questioning the truck driver in appellant's employ. From all that appears in the record, during the entire five months period from the time of the accident to the time when notice thereof was finally given, appellant was possessed of the means of obtaining sufficient knowledge of the accident to give it notice of the possibility of a claim for damages, even if it be assumed that such knowledge had not actually been received. The only conclusion to be drawn from the evidence is that the failure of appellant to give the notice of the accident required by the terms of the policy was due not to its knowledge of the facts but to the failure of appellant's responsible officers to exercise reasonable diligence in ascertaining the facts. The evidence affirmatively reveals that it was reasonably possible for appellant to have given respondent notice of the accident prior to the time the action for

damages was instituted, and that notice was not given as soon as was reasonably possible. There was no need for respondent to have carried the burden of proof further in this regard.

The supplemental agreement providing for the deduction of $25 from property damage claims does not aid appellant. This provision clearly was not intended to alter the conditions regarding the giving of notice of accidents. It should be noted that the deductible provision was only effective after completion of the investigation by the insurer. Thus it was not up to the assured to determine whether the extent of damages was greater or less than $25. That was a matter for determination by the insurer upon investigation; and the matter of notice was not by the terms of the policy made dependent upon the apparent extent of the damage.

In the circumstances here presented, it is obvious that the delay in giving notice of the accident for several months and not until a suit thereon was actually commenced, was necessarily prejudicial to the insurance carrier, since the insurer was thereby placed in the position of making its preliminary investigation and defending the action in the face of evident disadvantages that the notice provided for in the policy manifestly was intended to prevent.

There being no evidence of sufficient substantiality to support a verdict for appellant the trial court properly granted respondent's motion for a directed verdict at the close of the case. For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1942. Carter, J., voted for a hearing.