[Civ. No. 15622. Second Dist., Div. Two. Feb. 20, 1947.]

MARTIN E. ARTHUR, Appellant, v. LONDON GUARAN-
TEE AND ACCIDENT COMPANY, LTD. (a Corpora-
tion), Respondent.

Lee Combs, Wallace B. Scales and Robert W. McIntyre for Appellant.

Crider, Runkle & Tilson for Respondent.

MOORE, P. J.—Sometime prior to June 6, 1943, respondent issued its policy of insurance agreeing to indemnify appellant against liability to third parties arising out of the operation of a fleet of trucks and trailers. Such insurance was to be effective only in the event that notice and proof of loss be served on respondent or its general agent as soon as practicable. On that date one of the trucks of appellant collided with an automobile belonging to one Byerly. The agents of

appellant promptly took photographs of the scene of the accident, made a report of it and mailed it to Peter N. Williams, the broker who had solicited the insurance from appellant.

Thereafter in an action by Byerly against appellant the latter was defended by respondent with the stipulation that respondent did not by its action waive its rights arising out of the neglect of appellant to give it notice of the accident as required by the policy. The lawsuit resulted in a judgment against appellant in the sum of $2,465 which was subsequently collected from him. The present action was brought to recover the amount so paid on account of that judgment.

After the court had denied a motion for a nonsuit and for a directed verdict the jury returned a verdict for plaintiff. However, defendant's motion for judgment notwithstanding the verdict was granted and from the ensuing judgment the matter was transferred to this court.

The sole issue involved on this appeal is whether there was such evidence of notice of the accident served upon respondent as is required by the terms of the policy. Appellant alleged in his complaint that he "gave notice of said loss and damage to defendants, and each and all of them, and informed them concerning the collision or accident referred to." This was denied by respondent.

In his opening statement to the jury appellant's counsel declared in substance as follows: Immediately after the accident appellant's agents took pictures at the scene of the collision, made a report of it and sent this material to the agent of defendant as required by the policy. In answer to such statement counsel for respondent stated substantially: The accident happened June 6, 1943, but it was not reported until May 6, 1944. The first and only notice that defendant received with reference to this accident was when Mr. Combs, acting then for plaintiff, sent the summons and complaint in the action of Byerly against Arthur into the Los Angeles office of defendant.

The policy provides: "Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place, and circumstances of the acci-

dent, the names and addresses of the injured and of available witnesses.''

Section 551 of the Insurance Code provides as follows: ''Except in the case of life, marine, or fire insurance, notice of an accident, injury, or death may be given at any time within twenty days after the event, to the insurer under a policy against loss therefrom. In such a policy, no requirement of notice within a lesser period shall be valid.''

██ An unreasonable delay in serving notice of a loss under an insurance policy removes the opportunity for prompt investigation and destroys the possibility of showing prejudice arising from delayed inquiry, and from such a situation prejudice must be presumed. (*Purefoy* v. *Pacific Automobile Indemnity Exchange,* 5 Cal.2d 81, 87 [53 P.2d 155]; *Burbank* v. *National Casualty Co.,* 43 Cal.App.2d 773, 781 [111 P.2d 740].) Delays of 11 months in giving notice (*Distributor's Packing Co.* v. *Pacific Indemnity Co.,* 21 Cal.App.2d 505, 508 [70 P.2d 253]), of five months (*Brown Materials Co., Ltd.* v. *Pacific Automobile Insurance Co.,* 52 Cal.App.2d 760 [127 P.2d 51]), of three and a half months (*Purefoy* v. *Pacific Automobile Indemnity Exchange, supra*), and of 91 days (*Burbank* v. *National Casualty Co., supra*) have been held sufficient to defeat an action for recovery on insurance policies. In the Burbank case it was said (p. 781) that ''the time which elapsed before notice was given, exceeded by twenty days the time allowed by statute,'' and for that reason held that the plaintiff could not recover.

In the instant case respondent established by the witness Cornell, superintendent of claims, that as a result of the long delay in receiving notice of the loss respondent was unable to make an effective investigation of the accident and was thereby prevented from discovering the two men who were riding with the driver at the time of the collision.

Appellant attempts to overcome the rule laid down by section 551, *supra,* and the requirement of the insurance policy by his proof that notice of the accident was promptly given to Williams, and contends that there was substantial evidence to the effect that Williams was respondent's agent and therefore that appellant was entitled to have the question of service of the notice of the accident determined by the jury.

██ The only evidence received from which appellant argues that Williams' agency was established was the follow-

ing: (1) Testimony of appellant that he had forwarded photographs taken at the scene with a report of the collision to Williams and that such photographs were in the possession of respondent's counsel at the trial of *Byerly* v. *Arthur;* (2) stipulation that numerous accident reports had been sent to Williams and that he had transmitted them to respondent without the latter's objecting.

Such evidence does not constitute that character of proof which will satisfy the condition specified in the policy with respect to giving notice in writing of the occurrence of an accident as soon as practicable. Neither does it show that any notice sent contained information respecting the time, place and circumstances of the accident, or the names and addresses of the available witnesses, nor does it comply with the time specified in section 551, *supra.* There was no proof that the photographs in possession of respondent's counsel at the trial of the damage suit were the identical pictures which appellant's agent claimed to have mailed to Williams. At the oral argument one of appellant's counsel stated that two sets of the photographs had been taken. ■ In view of the presumption that one takes ordinary care of his own concern (Code Civ. Proc., § 1963, subd. 4), and since respondent was in duty bound to defend the Byerly action, it cannot be presumed that respondent ever received the photographs mailed by one of appellant's employees to Mr. Williams. ■ No valid excuse appears for appellant's failure to send the report of the accident directly to the general agents of the insurer whose address was printed on the policy. The diligence displayed by respondent on former occasions in promptly acting upon notice received from appellant's agent Williams instead of waiting for a notice directly from the office of appellant does not serve now as an excuse for appellant's failure promptly to send a notice to respondent. He had a written contract for the guidance of his conduct in case of accident, and the peril of engaging his broker to forward the notice was a risk he assumed. ■ As a broker Williams was the agent of the insured and not of the insurer. (Ins. Code, § 33; *Detroit Trust Co.* v. *Transcontinental Insurance Co.,* 105 Cal. App. 395, 398 [287 P. 535]; *Strangio* v. *Consolidated Indemnity & Ins. Co.,* 66 F.2d 330, 335; *A. Davis & Son, Ltd.* v. *Russian Transport & Insurance Co.,* 182 App.Div. 668 [169 N.Y.S. 960, 962].) Not only is the insured required by specific terms of the policy to give notice of loss to the insurer, but

he must be prompt. Neither the giving of immediate notice by the insured to his broker nor the forwarding of the summons in the action on the accident to the insurer eleven months thereafter is a compliance with the policy. (*Pateras* v. *Standard Accident Ins. Co.,* 37 Ohio App. 383 [174 N.E. 620, 621]; *Gerber* v. *Fletcher,* 108 Pa.Super. 226 [164 A. 135, 136].) Not even a prompt verbal notice is compliance. (*Ermentraut* v. *Girard Fire & Marine Ins. Co. of Philadelphia,* 63 Minn. 305 [65 N.W. 635, 637, 56 Am.St.Rep. 481, 30 L.R.A. 346].)

The purpose of the notice is to enable the insurer promptly to investigate the circumstances of the accident as the means of avoiding detriment to itself. It was obliged to defend any action covered by the policy when advised of an accident in the manner specified. Certainly a notice not addressed to the office of the insurer or its general agent but to a person who owes no duty to communicate to the carrier the contents of such notice cannot with safety be relied upon as a means of enabling the insurer to make the investigation essential to the preparation of a defense in an accident case. The training of neither a lawyer nor an insurance adjuster is essential to an understanding of the need of diligence in preparing such a defense.

 Moreover, the claim that appellant complied with the conditions of the policy by sending a notice of the accident to his broker is defeated by his conduct of this litigation. Neither the complaint nor the opening statement of counsel suggested appellant's reliance upon a custom that had lulled him into a sense of security. He alleged that Arthur gave the notice required by the policy and he stated to the jury that he would prove that plaintiff had ''sent this matter to the representative and agent as required under the policy,'' and that ''ample and due notice was given under the terms of that policy.'' It is fundamental that an appellant cannot change the theory of his case after the failure of his strategy in the trial court. (*Ernst* v. *Searle,* 218 Cal. 233, 240 [22 P.2d 715]; *Coy* v. *E. F. Hutton & Co,* 44 Cal.App. 386, 391 [112 P.2d 639].)

The judgment and the order granting the motion for judgment *non obstante veredicto* are affirmed.

McComb, J., and Wilson, J., concurred.