[L. A. No. 20495. In Bank. July 27, 1948.]

PAUL ABRAMS, Respondent, v. AMERICAN FIDELITY & CASUALTY CO., Appellant.

234

Reginald I. Bauder and Robert E. Ford for Appellant.

Forrest A. Betts, Chase, Rotchford, Downen & Chase, Crider, Runkle & Tilson, Jones, Thompson & Kelly, Kenneth Murphy and Lasher B. Gallagher, as Amici Curiae on behalf of Appellant.

Charles A. Son and Joseph D. Taylor for Respondent.

SCHAUER, J.—In April, 1941, plaintiff recovered judgment against one A. Visser for bodily injuries received as the result of the alleged negligent operation of a truck by Visser. On the date of the accident Visser was insured by defendant in the instant case, American Fidelity and Casualty Co., against liability arising out of the operation of the truck. The judgment against Visser became final and was not satisfied, and plaintiff, in December, 1941, instituted this action against defendant insurer to recover on the insurance policy and the judgment. (See Ins. Code[1], § 11580, subd. (b) (2).) The insurer defended on the ground that Visser failed to give it prompt notice of the accident as assertedly required by the policy[2], the trial court rendered judgment in plaintiff's favor, and defendant insurer appeals. We have concluded

---

[1] Ins. Code, § 11580, subd. (b) (2), "A policy insuring against losses [of the type involved here] . . . whether or not actually containing such provisions, shall be construed as if [it embodied provisions including] . . . (b) . . . (2) A provision that whenever judgment is secured against the insured in an action brought by the injured person . . . then an action may be brought against the insurer, on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."

[2] See provisions of policy, infra.

that upon the evidence presented, the judgment must be affirmed.

The accident in which plaintiff was injured occurred on December 25, 1940, in the state of Utah, while Visser, the operator of the truck causing the injuries, was in that state on a business trip. Visser's truck collided with a sedan plaintiff was driving. The following day Visser mailed to one Fred Kerr, Gardena, California, "an insurance broker employed by Mr. Visser to secure" the liability policy issued by defendant insurer, a post card which reads as follows: "Dec. 25. Dear Mr. Kerr: I had an accident this morning 14 miles north of Beaver, Utah on Hi-way 91. Please inquire at the Sherriffs office in Beaver Utah for all particulars. My policy number is No. 36803. I remain as ever A Visser." Kerr telegraphed to the office of the sheriff in Beaver, asking for a collect reply telegram giving details of Visser's accident, but failed to receive a reply. Visser returned to California from Utah during the latter part of January, 1941, and Kerr then learned for the first time that the accident had involved another person, who might claim damages from Visser. Kerr thereupon, by a letter dated January 31, 1941, notified the insurer's Los Angeles office of the fact, date and place of the collision and of plaintiff's name. The letter reached the insurer on February 4, forty-one days after the accident occurred, and was the first notice received by it concerning the accident.

The subject policy contains the following provisions as to notice to defendant insurer in case of accident: "Upon the occurrence of an accident or an alleged accident, covered under this Policy, the Assured shall give immediate written notice thereof with the most complete detailed information obtainable at the time to the Company, at its Home Office in Richmond, Virginia, or to its nearest Branch Office or to its duly authorized agent; if a claim is made on account of such an accident or if any suit is brought against the Assured to enforce such a claim the Assured shall forward to the Company immediately every written communication, or information as to any verbal communication, and every process, pleading and paper relating to any claim and/or proceeding. The words 'Immediate' or 'Immediately' as used herein shall be construed to mean not exceeding five days."

▆▆ Defendant insurer concedes that that portion of the quoted policy provisions which purports to require notice to

it within five days after an accident is violative of section 551 of the Insurance Code. That section reads as follows: ''Except in the case of life, marine, or fire insurance, notice of an accident, injury, or death may be given at any time within twenty days after the event, to the insurer under a policy against loss therefrom. In such a policy, no requirement of notice within a lesser period shall be valid.'' Plaintiff contends that inasmuch as the five-day notice provision of the policy is void, there remains in the policy no requirement that the assured give defendant insurer any notice whatsoever of the accident. Defendant, on its part, urges that although it cannot rely upon the policy's five-day notice requirement, the twenty-day period provided in section 551 must be read into and adopted as part of the policy. In this connection defendant cites *Coolidge* v. *Standard Acc. Ins. Co.* (1931), 114 Cal.App. 716, 721 [300 P. 885], in which the court stated that ''Under section 2633a of the Civil Code [now Ins. Code, § 551], the provisions of an insurance policy which require an assured to immediately notify the company of the occurrence of an accident, will be deemed to have been sufficiently complied with if the notice is actually given within twenty days from the happening of the casualty.'' However, the policy involved in the Coolidge case contained no provision defining ''immediately'' to mean either ''not exceeding five days'' or any other particular period of time, and consequently the sentence quoted from that opinion is not persuasive here. Moreover, neither the statute nor the insurance policy involved in the instant case states that the twenty-day statutory period shall become a part of a policy which contains an invalid requirement of notice within a shorter period. The omission of the statute in this respect is in direct contrast to the express provision of section 11580, heretofore quoted in part in footnote 1. ■ Generally speaking, provisions tending to defeat the main object of the contract are not to be implied. (See 29 Am.Jur. 180 et seq., § 166.) Likewise, while a requirement for notice can be made a condition precedent to recovery, in which event, in the absence of waiver or estoppel, failure of the insured to give the notice may defeat recovery on the policy (*Aronson* v. *Frankfort etc. Ins. Co.* (1908), 9 Cal.App. 473 [99 P. 537]; see also 29 Am. Jur. 828, § 1105), it is also said that unless such a requirement ''is made a condition precedent or a forfeiture is provided for, the failure to give notice . . . will not defeat re-

covery.'' (29 Am.Jur. 825, § 1100.) Under the circumstances defendant's contention that the statutory minimum period shall be deemed written into the policy in place of the void provision to constitute a condition precedent or basis for forfeiture will not be indulged.

 Defendant next contends that even if the statutory notice period is not adopted into the policy, the policy still requires that the insured give ''immediate written notice'' of any accident covered by the policy; that since the policy's definition of ''immediate'' as meaning ''not exceeding five days'' is void the expression ''immediate'' notice must be construed to mean notice within a reasonable time; that the forty-one day period which elapsed between the accident here involved and the receipt of notice thereof by defendant was so unreasonably long as to constitute prejudicial delay to defendant as a matter of law; and that therefore the judgment in plaintiff's favor must be reversed. It is our view, however, that even though we assume, without deciding, that the policy issued by defendant to Visser required notice within a reasonable time after an accident, nevertheless the delay of forty-one days which occurred here was not so great that the trial court was precluded from finding as a fact, as the court did, that defendant was not prejudiced thereby; i.e., the court was not required to conclude as a matter of law that prejudice resulted. The finding of the court is that ''the defendant was not prejudiced by any delay on the part of the assured in giving notice of the happening of said accident; that the witnesses to the happening of said accident were only the parties involved and the defendant secured written statements as to the facts of said accident from them within twenty days of receipt of said notice; that on account of conditions at the time and place of the accident there were no road marks indicating the circumstances under which said accident happened; that the defendant was informed of all of the material facts of the claim made by the plaintiff on A. Visser within such a length of time after the happening of the accident that the defendant was not prejudiced in the defense of said action by reason of the failure of said A. Visser to give an earlier notice.''

Defendant urges that the finding that ''defendant secured written statements'' from the ''witnesses within twenty days of receipt of'' notice of the accident is ''false.'' Evidence introduced is to the effect that the only witness, aside from

plaintiff and Visser, was one Heber Thacker, who was riding as a helper in Visser's truck, and that within twenty days after receiving the notice defendant had in its possession either the original or copies of statements made by plaintiff, Visser and Thacker concerning the accident; consequently defendant's attack on the finding as to statements obtained by it cannot be sustained. No other attack is made on the sufficiency of the evidence to sustain the findings of the court.

Defendant next urges that the cases of *Hynding* v. *Home Acc. Ins. Co.* (1932), 214 Cal. 743, 752 [7 P.2d 999, 85 A.L.R. 13] ; *Burbank* v. *National Casualty Co.* (1936), 15 Cal.App 2d 483, 486-487 [59 P.2d 589] ; *Burbank* v. *National Casualty Co.* (1941), 43 Cal.App.2d 773, 781-782 [111 P.2d 740] ; *Purefoy* v. *Pacific Automobile Indem. Exch.* (1935), 5 Cal.2d 81, 88 [53 P.2d 155] ; *Distributors P. Co.* v. *Pacific I. Co.* (1937), 21 Cal.App.2d 505, 509 [70 P.2d 253] ; and *Arthur* v. *London Guar. & Acc. Co.* (1947), 78 Cal.App.2d 198, 201 [177 P.2d 625], have established that in this state the forty-one days' delay in notifying it of the accident conclusively prejudiced it in any defense to plaintiff's action against Visser.

In the Hynding case the insured breached a cooperation clause of the policy by failing to attend and testify at the trial of the action brought against him by the injured person, and such breach was held to prejudice defendant insurance company and relieve it from liability under the policy. In both of the Burbank cases the statutory twenty-day notice provision applied and was breached by the insured; moreover in neither of those two cases did the court find, as it has found in the instant case, that defendant insurer was not prejudiced by the delay in receiving notice of the accident. In the Purefoy case three and one-half months elapsed before the insurer learned of the accident (and then only from the attorney of the injured persons) and fifteen months elapsed before the insured communicated with the insurer; the trial court found that the delay prejudiced the insurer and rendered judgment for the insurer which this court affirmed. Although in our opinion we stated (p. 88 of 5 Cal.2d) "that prejudice must be presumed in such situations," that statement must be understood as having reference to the facts of that particular case, the real basis for the decision being our statement in the preceding paragraph (p. 87) "that prejudice sufficiently appeared, and the court below so found." Certainly we made no suggestion, and none must be implied,

that such a presumption or inference is a conclusive one which cannot be overcome by evidence that no actual prejudice occurred. The ultimate conclusion in each case must depend on its own facts. In the instant case pertinent evidence was introduced and the trial court, acting within the compass of its functions, found that no prejudice resulted.

In the Arthur case the opinion recites (p. 201 of 78 Cal. App.2d), that the insurer "established" that by reason of an eleven months' delay in notifying it of the accident, it was "unable to make an effective investigation of the accident and was thereby prevented from discovering the two men who were riding" in one of the vehicles involved "at the time of the collision." The action of the trial court in granting the insurer's motion for judgment notwithstanding the verdict against it was, on the record then before the court (there being apparently no conflict in the evidence), upheld on appeal.

We hold that where, as here, there is no valid contractual agreement requiring notice within a specific (other than a reasonable) period and the trial court finds, upon sufficient evidence, that a forty-one day delay in notifying the insurer concerning an accident did not prejudice it in defending an action against the insured arising out of the accident, such finding will not be disturbed on appeal. Any implications which may be found to the contrary in *Distributors P. Co.* v. *Pacific I. Co.* (1937), *supra,* 21 Cal.App.2d 505, 509, are disapproved.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.