[Civ. No. 16651.   Second Dist., Div. Three.   May 24, 1949.]

GEORGE GIBSON, Respondent, v. COLONIAL INSUR-
ANCE COMPANY, Appellant.

Syril S. Tipton and Robert E. Ford for Appellant.

Spray, Davis & Gould for Respondent.

SHINN, P. J.—This is an appeal from a judgment upon a jury verdict in favor of plaintiff, George Gibson. On June 4, 1945, plaintiff, a truck driver employed by Maas Steel Company, recovered a judgment in the sum of $65,000 against Columbia Stamping and Manufacturing Company for personal injuries suffered while unloading some sheet steel which he was delivering to Columbia. Columbia became bankrupt, and the judgment was not satisfied either in whole or in part. Plaintiff brought the present action to enforce a claim obligation of defendant insurance company to pay the judgment to the extent of $25,000 by virtue of a policy of liability insurance in that amount which it had issued to Columbia.

Plaintiff's complaint contained two causes of action. The first, after setting forth the foregoing facts, alleged compliance with all the terms and conditions of the insurance policy. The second, as amended at the conclusion of the evidence to conform to proof, alleged that defendant was notified of the accident some seven months and thirteen days after it occurred and that defendant was in no way prejudiced by the lack of an earlier notification. Defendant's answer denied liability by reason of a claimed violation of a condition in the policy, reading: ''Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.'' The policy further provides, ''No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy. . . .'' At the conclusion of the trial a nonsuit was granted upon plaintiff's first cause of action. Defendant's motions for a nonsuit and for a directed verdict on the second cause of action were denied, and the issue framed thereby, namely, whether the delay in notifying defendant of the accident was prejudicial to it, was submitted to the jury. By its verdict, this issue was resolved in favor of plaintiff.

The legal principles which must govern our decision were stated in *Abrams* v. *American Fidelity & Cas. Co.*, 32 Cal.2d 233 [195 P.2d 797]. In that case, as in the present one, an injured plaintiff was seeking to enforce the contract liability of the insurer after his judgment against the insured went unsatisfied. The policy required the insured to give ''immediate written notice'' of any accident covered by the policy. Upon the assumption that ''immediate'' notice meant notice within a reasonable time, the Supreme Court held (p. 237) that ''the delay of forty-one days which occurred

here was not so great that the trial court was precluded from finding as a fact, as the court did, that defendant was not prejudiced thereby; i.e., the court was not required to conclude as a matter of law that prejudice resulted." The defendant in that case placed reliance upon several cases, including *Purefoy* v. *Pacific Automobile Indem. Exch.*, 5 Cal.2d 81 [53 P.2d 155], in which substantial and unexplained delays in giving notice of accident were held to give rise to a presumption of prejudice. In distinguishing these cases, which are also relied upon by appellant here, the court expressly refuted the proposition "that such a presumption or inference is a conclusive one which cannot be overcome by evidence that no actual prejudice occurred," and laid down the rule that "[t]he ultimate conclusion in each case must depend on its own facts." The evidence in the Abrams case was held sufficient to support a finding that the delay in giving notice did not prejudice the insurer in defending the action against the insured, and a judgment for plaintiff was affirmed.

Defendant contends that the Abrams decision is not controlling here, and that the issue of prejudice should not have been left to the jury. Its argument is that irrespective of any question of prejudice, the insured's delay of seven and one-half months in giving notice bars recovery, since as a matter of law, such a delay constituted a direct and substantial breach of the condition precedent that notice be given "as soon as practicable." The record, so defendant maintains, shows without contradiction that Columbia's officers were informed of the accident upon the day it occurred, but contains nothing by way of explanation to excuse or justify the lengthy delay in notifying defendant thereof. Conceding these facts, we nevertheless are of the opinion that defendant's contention cannot be sustained. The statement in *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743, 752 [7 P.2d 999, 85 A.L.R. 13], that "the violation of the condition by the assured cannot be a valid defense against the injured party unless in the particular case it appears that the insurance company was substantially prejudiced thereby," has been regarded as a controlling principle in numerous actions where breach of a cooperation clause or notice provision has been asserted as a defense. It has never been overruled, although, upon occasion, it may have been overlooked (*cf.*, *Coolidge* v. *Standard Acc. Ins. Co.*, 114 Cal. App. 716, 722 [300 P. 885]), and in the Purefoy case, *supra*, the Supreme Court suggested that the soundness of the statement might be open for reexamination in a proper case. The

subsequent decision in the Abrams case, however, must be regarded as approving the rule stated in the Hynding case.

Our determination of the present appeal must be governed by the Abrams case. The requirement of notice "as soon as practicable," which appears in Colonial's policy in the instant case, cannot be deemed to impose a more rigorous duty than the condition of "immediate" notice which was the basis of the unsuccessful defense in Abrams' suit. The latter phrase has been regarded as merely requiring notice which is prompt and reasonable under the circumstances (see *Purefoy* v. *Pacific Automobile Indem. Exch., supra,* 5 Cal.2d 81, 86-87, and authorities there cited) and we think the former must receive a similar interpretation (*cf., Brown etc. Co.* v. *Pacific Auto Ins. Co.,* 52 Cal.App. 2d 760 [127 P.2d 51] ; *Arthur* v. *London Guar. & Acc. Co.,* 78 Cal.App.2d 198, 201 [177 P.2d 625]).

In distinguishing *Arthur* v. *London Guar. & Acc. Co., supra,* 78 Cal.App.2d 198 [177 P.2d 625], the Abrams opinion states : "In the Arthur case the opinion recites (p. 201 of 78 Cal.App. 2d), that the insurer 'established' that by reason of an *eleven months'* delay in notifying it of the accident, it was 'unable to make an effective investigation of the accident and was thereby prevented from discovering the two men who were riding' in one of the vehicles involved 'at the time of the collision.' The action of the trial court in granting the insurer's motion for judgment notwithstanding the verdict against it was, *on the record then before the court (there being apparently no conflict in the evidence),* upheld on appeal." (Emphasis added.) The obvious implication is that if there had been a conflict in the evidence, the question of prejudice, even following a delay as long as 11 months, would have been for the jury. This view is further supported by the statement in the next paragraph of the Abrams opinion, expressly disapproving "any implications which may be found to the contrary" in *Distributors P. Co.* v. *Pacific Indem. Co.,* 21 Cal.App.2d 505 [70 P.2d 253]. In that case, a delay of more than 11 months in giving notice of an accident, where the policy required "prompt" notice, was held to be "prejudicial to the insurer as a matter of law." Accordingly, on the authority of the Abrams decision, we hold that Columbia's failure to notify defendant of the accident in which plaintiff was injured, until some seven and one-half months later, does not bar recovery on the policy unless defendant insurer was in fact prejudiced thereby. The presumption of prejudice is not a conclusive one. Insofar as the decision in *Brown etc.*

*Co.* v. *Pacific Auto. Ins. Co.,* 52 Cal.App.2d 760 [127 P.2d 51], upon which defendant here relies, may be inconsistent with this conclusion, it must yield to the controlling authority of the Abrams case.

Examination of the record discloses sufficient evidence to support the jury's implied finding that defendant was not prejudiced by the delay in receiving notice. The accident occurred on October 7, 1943. Plaintiff had driven his loaded truck partly into Columbia's warehouse. With the help of Charles E. Haag, an employee of Columbia, he was attempting to unload certain steel sheets from the truck by means of a hoist. Two slings which were attached by chains to a master ring on the hoist were first placed by plaintiff beneath part of the steel sheets. When force was applied to the hoist to raise the load, the master ring broke and the steel sheets slid from the truck, pinning plaintiff's leg beneath them. Defendant's claim of prejudice is based chiefly upon the fact that the broken master ring, which it says ''was the most important physical evidence in determining the cause of the accident,'' could not be located when defendant made its investigation of the accident upon receipt of notice in May, 1944. It is also claimed that because of the delay defendant was precluded from making a prompt investigation which might have disclosed a good defense of contributory negligence to plaintiff's action against Columbia. Defendant admittedly prepared and conducted the defense for Columbia in the prior action, although under a reservation of its rights.

From the record of the trial of the instant action it must be concluded that the accident was caused either by a defect in the ring or the overloading of the hoist. Proof that the ring was defective would have justified a finding of negligence on the part of Columbia. The record shows that two of Columbia's employees, Carr and DeHemmer, who made the master ring in question, testified in the former trial as to the construction and physical characteristics of the ring; and the latter testified, and was cross-examined at some length, ''as to its manufacture and where it broke.'' Written statements of these two witnesses, taken by defendant's investigator prior to the trial, described in some detail the appearance of the broken ring following the accident. Another master ring, similar in appearance and constructed in the same manner and out of steel of the same specification, was produced and used at the trial. If the original ring had been available as evidence at the trial it would have been useful to the defense

only for the purpose of proving that it was not defective. It does not appear in the record, nor is it contended by appellant, that there was any evidence that it was defective. Columbia was under no duty to prove that it was not defective.

Upon the other hand, if it had been shown by the evidence that the overloading of the hoist alone caused the ring to break, responsibility might have rested upon Columbia's employee who was assisting in the unloading, or upon plaintiff. Upon this latter issue the record warrants the conclusion that substantially the same evidence was available to appellant as would have been available if notice of the accident had been given promptly. Inspection of the file in the former action, which was admitted as an exhibit in the present case, discloses that contributory negligence was squarely placed in issue by the answer, and that the jury was fully instructed thereon. It is not contended that there were any material witnesses to the accident who were unknown to the defendant or unavailable at the trial; nor is there any claim that the ones who were called did not testify fully and accurately as to the matters in issue.

The record as a whole is adequate to justify the conclusion reached by the jury that Columbia's defense to plaintiff's action was in no way prejudiced by the delay of seven and one-half months in receiving notice of the accident. We find it unnecessary, therefore, to consider plaintiff's contention that there was a waiver of the notice requirement by defendant.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.

A petition for a rehearing was denied June 14, 1949, and appellant's petition for a hearing by the Supreme Court was denied July 21, 1949.