[Civ. No. 24343. Second Dist., Div. Two. Aug. 5, 1960.]

SECURITY INSURANCE COMPANY (a Corporation), Appellant, v. SNYDER-LYNCH MOTORS, INC. (a Corporation) et al., Respondents.

Eugene S. Ives and Martin J. Kirwan for Appellant.

Martin B. Berman and Robert H. Powsner for Respondents.

ASHBURN, J.—Appeal by plaintiff from the judgment in an action for declaratory relief upon an automobile liability policy issued by plaintiff to defendant Snyder-Lynch Motors, Inc., which policy covered as "additional insured" persons driving an insured vehicle with the permission of the owner Snyder-Lynch Motors, Inc. (hereinafter called Snyder-Lynch). While this policy was in effect, Snyder-Lynch, a dealer in new and used cars, sold on December 6, 1956, a certain Lincoln convertible coupé to defendants Ronald E. Wright and his wife Paloma Wright upon a conditional sale contract. On December 10, 1956, an accident occurred on the Harbor Freeway in Los Angeles while Mrs. Wright was driving the car. It involved several automobiles which apparently contained defendants Ruth Ramirez, Guadalupe Lopez, Freda Lopez, Josephina Valles, Consuelo Huerta and Ysidro Huerta, also defendant Sims. The Ramirez group sued Snyder-Lynch and Paloma Wright for personal injuries on July 22, 1957, and Sims sued them on October 17, 1957. Snyder-Lynch, having been served with summons and complaint in the Ramirez action promptly notified plaintiff on July 31, 1957, of the

occurrence of the accident and service of summons and complaint.

The policy provides in paragraph 10 of the conditions as follows: "Notice of Accident. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

This action for declaratory relief was filed on December 6, 1957, naming Snyder-Lynch, the Wrights, Sims and the members of the Ramirez group as defendants and seeking an adjudication of the respective rights and duties of all parties under said insurance policy. Plaintiff alleges among other things that Snyder-Lynch made an outright sale of the vehicle to the Wrights and they were not driving with the permission of Snyder-Lynch who had no permission to give. It is particularly prayed that the court declare the Wrights not entitled to coverage and that plaintiff is not required to defend the Sims action or pay any judgment recovered therein against Snyder-Lynch.[1]

The controversy revolves around alleged failure of defendants to comply with the notice condition of paragraph 10 of the policy above quoted. So far as Snyder-Lynch is concerned, a joint pretrial statement of counsel (adopted by the court) says: "That the defendant Snyder-Lynch Motors, Inc. did not have any knowledge or notice of the happening of said accident until they were served with a copy of the Summons and Complaint in said Ramirez accident on or about July 31, 1957; that promptly after said service was made, the defendant forwarded the copy of the Summons and Complaint to the plaintiff with the request that it defend said action on behalf of said defendant in accordance with the provisions of said policy. That promptly after said defendant Snyder-Lynch was served with a copy of the Summons and Complaint in the Sims action referred to above, it forwarded said copy of Summons and Complaint to plaintiff with the request that they defend said action on behalf of defendant in accordance with the provisions of said policy." So far as other defendants are concerned the court found that plaintiff received notice

---

[1]The Wrights made a technical appearance in the action but filed no answer and did not appear in person or through counsel at the trial.

of the accident "but no notice of said accident, nor any offer to defend the action that was instituted as a result of said accident was ever given or offered to the plaintiff herein by the defendants Paloma Wright or Ronald E. Wright. That the notice received by the Security Insurance Company from parties other than said defendants Paloma Wright or Ronald E. Wright was received within one month after the accident occurred." Also, that plaintiff received such notice of accident on or about January 30, 1957, and "that the said notice was given to plaintiff Security Insurance Company, a corporation, as soon as was practicable after the occurrence of the accident hereinbefore described by the defendants other than Paloma Wright and Ronald E. Wright; that this notice given by the defendants, other than Paloma Wright and Ronald E. Wright, was in compliance with the terms and requirements of the insurance policy issued by it to Snyder-Lynch Motors, Inc." The court having ruled that all defendants are entitled to coverage with respect to the pending personal injury actions, plaintiff appeals from the judgment.

Before the trial closed plaintiff's counsel conceded that Snyder-Lynch is in that position and by stipulation made in this court the appeal was dismissed as to that defendant on March 1, 1960. As to Sims (a damage claimant) no argument is made by appellant's counsel and it was specifically stated upon oral argument that no error is claimed with respect to him. The briefs are devoted to the question of whether the Wrights are now covered by the policy. Originally it was claimed that they had no coverage because they were not in the category of "additional insured"; that the car had been sold outright to them and they were not driving a car owned by Snyder-Lynch and with its permission. This issue having been decided against plaintiff, it has come to rest upon the failure of the Wrights to give notice of accident. It seems that this is a shift of position which is precluded by the pretrial conference order.

The policy differentiates between "named insured" and the broader term "insured" and in section 10 requires notice of accident to be given by "the insured," which provision standing alone well may include Mrs. Wright as permissive driver. But the consolidated pretrial statement of counsel for plaintiff and defendants (which was incorporated by reference in the judge's order) says that: "The policy also provided that when an accident occurs, written notice should be given by and on behalf of the named insured to the company

or any of its authorized agents as soon as practicable"—not the "insured," but the "named insured." The court's finding is couched in the same phraseology: "Said policy provided that when an accident occurred notice was to be given by and on behalf of the named insured to the company or any of its authorized agents as soon as practicable." This pretrial order effected a narrowing of issues so as to eliminate any question of obligation of an additional insured to give notice of accident. Rule 8.6 of Rules Relating to Pretrial Conferences requires that the judge's pretrial order state "the factual and legal contentions made by each party as to the issues remaining in dispute." Rule 8.8 says: "When filed, the pretrial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice." There was no request for correction or modification here.

*Dell'Orto* v. *Dell'Orto*, 166 Cal.App.2d 825 [334 P.2d 97], was a specific performance case in which no proof of plaintiff's ability and readiness to perform was made. At page 831 the court said: "As hereinbefore set forth, rule 8.8 provides that the pretrial order controls where inconsistent with the pleadings unless modified at or before the trial, and in the instant case appellant made no request for a modification of the pretrial conference order. We, therefore, conclude that the issues of ability to perform and tender, not being raised at the pretrial conference, and not being listed in the pretrial conference order as issues remaining in dispute, were no longer issues in the case. To hold otherwise would, in our opinion, not be in conformity with either the letter or the spirit of the Rules Relating to Pretrial Conferences." (See also 48 Cal.Jur.2d, § 33, p. 98.) This rule seems fully applicable at bar but we do not rest our decision upon this one ground.

 Out of a substantial conflict in the evidence the court accepted the testimony of Clarence A. Holland, an investigator and adjuster who had been employed by Sims. He telephoned plaintiff insurance company about January 9, 1957, talked with its supervisor of claims, Mr. Philip Theis, Jr., identified himself as an adjuster and investigator, learned that Snyder-Lynch had coverage issued by Security, told Theis he had information which would lead him to believe that possibly Security would be engaged in a lawsuit owing to a statement their insured had made, that the car was registered to Snyder-Lynch and Mrs. Wright possibly would be an insured or a defendant "owing to a latent defect, or a car being sold with

a defect''; told Theis what details he knew about the accident, everything he knew at the time, which would include a previous interview with Mrs. Wright and the fact that the Wrights had no insurance carrier of their own. Also, "so I told them at the time that they possibly would be involved owing to the fact that the girl, or Mrs. Wright, had told the Police Department that there was a defect in the steering mechanism, and if that was the case and they had knowledge of it, and since there wasn't any insurance on the Wrights' vehicle they probably would be enjoined in any litigation." Moreover, he told plaintiff that Mrs. Wright had said she had no attorney but had talked to one with respect to possible criminal proceedings against her.

It also appears that a police investigation and report of the accident had been promptly made; that Officer Goodman, the investigating officer, had interviewed the witnesses, listed their names and addresses and included their statements (11 in number) in the report which was filed on December 10, 1956, the day of the accident; that this report also included 14 pictures taken at the scene, the officer having arrived a few minutes after its occurrence. Officer Rogers interviewed Mrs. Wright on January 8, 1957, and made a report of her statement a part of the police record on that day. Officer Johnson was driving southbound behind one of the cars involved in the accident and saw it cross over the dividing strip. He filed a report of the accident on December 12, 1956. The attorneys who have appeared for plaintiff throughout this action also appeared for the Wrights in the damage actions, set aside defaults that had been entered against them; those actions seem to have been held in abeyance pending final determination of this case; under what arrangement or with what reservation of rights this representation has occurred is not disclosed by the record.

Assuming an obligation to rest upon the Wrights to give a notice pursuant to condition 10, the foregoing would not suffice to comply with its terms for there was no writing and Mr. Holland's oral notice seems not to have embraced "reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses." Nor does it appear that anybody called plaintiff insurer's attention to the police file. So the Wrights cannot be said to have given notice within the purview of the policy.

We do not pause to discuss the question of whether a notice

given by the injured party will inure to the benefit of an "additional insured" although it seems that that question must be answered in the affirmative (see *Bachman* v. *Independence Indemnity Co.*, 112 Cal.App. 465 [297 P. 110, 298 P. 57]; *Employers etc. Ins. Co.* v. *Pacific Indem. Co.*, 167 Cal. App.2d 369, 382 [334 P.2d 658]; *Knudson* v. *Anderson*, 199 Minn. 479 [272 N.W. 376, 380]; *Northwestern Mut. Ins. Co.* v. *Independence Mutual Ins. Co.* (Mo.App.), 319 S.W.2d 898, 903; *Kincaid* v. *Smith* (D.C. Ohio), 167 F. Supp. 195, 203; *Jameson* v. *Farmers Mutual Automobile Ins. Co.*, 181 Kan. 120 [309 P.2d 394, 399]; 29A Am.Jur. § 1395, p. 510). The record is not clear as to what notice Sims may have given other than Holland's oral advice to Security or the filing of Sims' suit on October 17, 1957; nor is it clear what is the basis for plaintiff's concession of Sims' present right to coverage. So, we address ourselves to the matter of prejudice, if any, resulting from Wrights' failure to give notice on their own behalf.

 It now is established law in this state that failure to give the required notice, though designated as a condition of the policy, is not fatal to claimant's cause of action unless the insurer has been prejudiced thereby. *Reed* v. *Pacific Indem. Co.*, 101 Cal.App.2d 151, 159 [225 P.2d 255] : "It appears to be settled law in California that whether an insured has complied with the 'Notice to Company' or 'Assistance & Cooperation' provisions of his policy is a question of fact, and that before the breach of such provisions precludes a recovery under the policy by the insured, it must appear that the insurer has suffered prejudice. In the recent case of *Gibson* v. *Colonial Ins. Co.*, 92 Cal.App.2d 33 [206 P.2d 387], in which a hearing was denied by the Supreme Court, the court held that, 'Where a policy of liability insurance provides that as a condition precedent to the insurer's obligation the insured shall notify it of any accident covered by such policy "immediately" or "as soon as practicable," the notice required is only such as is prompt and reasonable under the circumstances, and the question whether the insurer's obligation is excused by delay in such notice depends on whether the insurer has been substantially prejudiced by such delay, which in turn depends on the facts of the particular case, and prejudice will not be presumed as a matter of law from a delay of seven and one-half months.' The court said, at page 34: 'The legal principles which must govern our decision were stated in *Abrams* v. *American Fidelity & Cas. Co.*, 32 Cal.2d 233 [195 P.2d 797]. In that case, as in the present one, an injured plaintiff was seeking to enforce the contract liability of the insurer after his

judgment against the insured went unsatisfied. The policy required the insured to give "immediate written notice" of any accident covered by the policy. Upon the assumption that "immediate" notice meant notice within a reasonable time, the Supreme Court held (p. 237) that "the delay of forty-one days which occurred here was not so great that the trial court was precluded from finding as a fact, as the court did, that defendant was not prejudiced thereby; i.e., the court was not required to conclude as a matter of law that prejudice resulted." The defendant in that case placed reliance upon several cases including *Purefoy* v. *Pacific Automobile Indem. Exch.*, 5 Cal.2d 81 [53 P.2d 155], in which substantial and unexplained delays in giving notice of accident were held to give rise to a presumption of prejudice. In distinguishing these cases, which are also relied upon by appellant here, the court expressly refuted the proposition "that such a presumption or inference is a conclusive one which cannot be overcome by evidence that no actual prejudice occurred," and laid down the rule that "[t]he ultimate conclusion in each case must depend on its own facts." The evidence in the Abrams case was held sufficient to support a finding that the delay in giving notice did not prejudice the insurer in defending the action against the insured, and a judgment for plaintiff was affirmed.' " At page 161: " 'The statement in *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743, 752 [7 P.2d 999, 85 A.L.R. 13], that "the violation of the conditions by the assured cannot be a valid defense against the injured party unless in the particular case it appears that the insurance company was substantially prejudiced thereby," has been regarded as a controlling principle in numerous actions where breach of a cooperation clause or notice provision has been asserted as a defense. It has never been overruled, although, upon occasion, it may have been overlooked (*cf. Coolidge* v. *Standard Acc. Ins. Co.*, 114 Cal.App. 716, 722 [300 P. 885]), and in the Purefoy case, *supra*, the Supreme Court suggested that the soundness of the statement might be open for reexamination in a proper case. The subsequent decision in the Abrams case, however, must be regarded as approving the rule stated in the Hynding case.' " ▮▮ Prejudice is presumed from unreasonable delay in giving notice (*Artukovich* v. *St. Paul-Mercury Indem. Co.*, 150 Cal.App.2d 312, 326 [310 P.2d 461] ; *Arthur* v. *London Guar. & Acc. Co.*, 78 Cal.App.2d 198, 201 [177 P.2d 625]), and the burden rests upon the claimant to show absence of prejudice (*Artukovich, supra,* at p. 326).

■ The Wrights were not present at the trial and did not attempt to carry this burden but in this court the controlling question has ceased to be the incidence of the burden of proof and is one of sufficiency of the evidence to sustain the court's finding that "the interval of time elapsing between the date of the accident and the giving of notice to Plaintiff Security Insurance Company, a corporation, resulted in no prejudice to the plaintiff Security Insurance Company." Concededly Snyder-Lynch gave prompt notice when it learned of the accident in July, 1957. The court found that Security had notice on or about January 30, 1957, and that this notice (given by defendants other than Snyder-Lynch) was "as soon as was practicable after the occurrence of the accident hereinbefore described . . . that this notice given by the defendants, other than Paloma Wright and Ronald E. Wright, was in compliance with the terms and requirements of the insurance policy issued by it to Snyder-Lynch Motors, Inc." This seems to refer to the oral notice given by Holland on behalf of Sims who is conceded to be presently covered by plaintiff's policy.

The circumstances above outlined were sufficient to justify the court's implied finding of absence of prejudice from the failure of the Wrights to give any notice. Orally, plaintiff was advised of the accident about January 9, 1957 (or perhaps it was January 30), and of the probability of suit against the named insured, Snyder-Lynch and the driver, Mrs. Wright. This would alert any insurer to the necessity of immediate investigation. Mr. Theis, plaintiff's supervisor of claims, while declaring he had no recollection of any conversation with Holland, said he would have opened a file and assigned the matter to an adjuster had an adjuster for another company called him. Common knowledge of such matters suggests that the adjuster or some other representative of the insurer (or any claimant) would have consulted the police report at once. Had this been done it would have disclosed the entire story of the accident. The 11 witnesses' statements contained therein were not privileged (*People* v. *Misner*, 134 Cal.App.2d 377, 381 [285 P.2d 938] ; *Dwelly* v. *McReynolds*, 6 Cal.2d 128, 131 [56 P.2d 1232] ). Plaintiff rested entirely upon the presumption of prejudice, making no effort to show that in fact its investigation of the accident or defense of the personal injury suits had been impeded or embarrassed in any way. The evidence is sufficient to support the trial court's implied finding of absence of prejudice from failure of the Wrights to

give notice of accident. Hence, the conclusion that the Wrights are covered and are entitled to protection from the insurer in the personal injury actions is correct.

Judgment affirmed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.