60 Cal.2d 303 (1963)
384 P.2d 155
32 Cal. Rptr. 827
LOVI CAMPBELL et al., Plaintiffs and Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.
Docket No. S.F. 21322.
Supreme Court of California. In Bank.
August 15, 1963.
*304 Athearn & Athearn, Forden Athearn and Barry M. Wally for Plaintiffs and Appellants.
Walcom & Harmon and Leo J. Walcom for Defendant and Respondent.
GIBSON, C.J.
Plaintiffs brought this action to compel defendant insurer to pay a default judgment they had obtained against its insured, Marvin Hammer. The court, sitting without a jury, denied recovery, and plaintiffs have appealed.
In November 1954 plaintiffs stopped their automobile at a stoplight and were struck from the rear by an automobile driven by Hammer. The police report of the accident states that Hammer was cited for following too closely and for driving with an expired license, that he admitted he had been drinking, and that he refused to give a written statement. He told plaintiffs that he was insured and that "everything would be taken care of."
On the day of the accident Hammer notified defendant by telegram that he had been involved in a collision and that his car had been towed to a certain garage. The telegram contained Hammer's address and policy number, and defendant thereafter tried to contact him at his home and business addresses without success. Messages for him were left with his daughter and estranged wife, but he did not reply. Defendant wrote Hammer two letters stating that a serious personal injury had resulted from the accident, that under a cooperation clause in the policy he was required to give defendant a statement as to his version of the accident, and that *305 defendant was not waiving any of its rights under the policy. The first letter was apparently returned to defendant. Defendant got a signed return receipt for the second letter, but Hammer did not reply.
Plaintiffs filed an action against Hammer for damages resulting from injuries sustained in the accident and notified defendant. They, too, had difficulty in locating Hammer, and their investigation indicated that he had left the state and resided for short periods in Oregon and Illinois. In 1958 plaintiffs learned that Hammer had returned to California and by a "fortuitous circumstance" located him in Salinas. He was served with process in March of that year, and plaintiffs forwarded a copy of the summons and complaint to defendant. Hammer did not communicate with defendant or answer the complaint, and a default judgment was secured which awarded damages of $33,329.91 to one of the plaintiffs and $2,500 to the other.
The policy, under which the insurance for liability to any one person is limited to $10,000, provides that in the event of an accident written notice containing all particulars shall be given "by or for the insured" to defendant as soon as practicable, that, if claim is made or suit is brought against the insured, he shall forward the summons, and that the insured shall cooperate with defendant, disclosing all pertinent facts, and upon defendant's request shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses, and conducting suits. The policy also provides that no action will lie against defendant until all of its terms are complied with. These provisions are made conditions of the coverage for personal injury and property damage liability.
The evidence is clearly sufficient to support the finding of the trial court that Hammer breached the contract of insurance by failing to cooperate with defendant. Plaintiffs contend, however, that the record does not support the further finding that defendant was prejudiced by the breach.
The right of an injured party to sue an insurer on the policy after obtaining judgment against the insured is established by statute. (Ins. Code, § 11580.) [1] An insurer may assert defenses based upon a breach by the insured of a condition of the policy such as a cooperation clause, but the breach cannot be a valid defense unless the insurer was substantially prejudiced thereby. (Hynding v. Home Acc. Ins. Co. (1932) 214 Cal. 743, 746 et seq. [7 P.2d 999, 85 A.L.R. *306 13]; Wormington v. Associated Indem. Corp., 13 Cal. App.2d 321, 325 [56 P.2d 1254]; Norton v. Central Surety & Ins. Co., 9 Cal. App.2d 598, 601 [51 P.2d 113]; Panhans v. Associated Indemnity Corp., 8 Cal. App.2d 532, 533 et seq. [47 P.2d 791]; see Jensen v. Eureka Casualty Co., 10 Cal. App.2d 706, 708 [52 P.2d 540]; 29A Am.Jur. 584.) Similarly, it has been held that prejudice must be shown with respect to breach of a notice clause. (Abrams v. American Fidelity & Cas. Co., 32 Cal.2d 233, 237, 239 [195 P.2d 797]; Reed v. Pacific Indemnity Co., 101 Cal. App.2d 151, 161 [225 P.2d 255]; Gibson v. Colonial Ins. Co., 92 Cal. App.2d 33, 35-36 [206 P.2d 387]; see National Auto. & Cas. Ins. Co. v. Brown, 197 Cal. App.2d 605, 608 [17 Cal. Rptr. 347].) We are satisfied that the requirement of prejudice set forth in these decisions is proper. The cases of Valladao v. Fireman's Fund Indem. Co., 13 Cal.2d 322, 331 [89 P.2d 643], and Purefoy v. Pacific Automobile Indem. Exchange, 5 Cal.2d 81, 87 [53 P.2d 155], relied upon by defendant, are not contrary to the views expressed herein. In each of those cases the court found that prejudice had been established by the facts proved and that it was therefore unnecessary to determine whether a showing of prejudice should be required.
[2] The burden of proving that a breach of a cooperation clause resulted in prejudice is on the insurer. (Norton v. Central Surety & Ins. Co., 9 Cal. App.2d 598, 601 [51 P.2d 113]; Panhans v. Associated Indemnity Corp., 8 Cal. App.2d 532, 533-535 [47 P.2d 791]; Griffin v. Fidelity & Casualty Co. of New York (5th Cir.) 273 F.2d 45, 48; Western Casualty & Surety Co. v. Weimar (9th Cir.) 96 F.2d 635, 636; Jameson v. Farmers Mutual Automobile Ins. Co., 181 Kan. 120 [309 P.2d 394, 400]; Allen v. Cheatum, 351 Mich. 585 [88 N.W.2d 306, 311]; see 29A Am.Jur. 584; Note 60 A.L.R.2d 1146, 1154.) [3] The only evidence introduced by defendant to show prejudice was the testimony of defendant's regional claim manager that a report by the insured is required to guard against false claims, verify that there has been an accident, and determine liability. Defendant had access to the police report and also knew the location of Hammer's automobile. This gave defendant sufficient opportunity to verify that there had been an accident. The facts indicate that plaintiffs were innocent of fault, that Hammer was negligent, and that defendant would have been liable on its policy even if Hammer had cooperated with it. The evidence is not sufficient to show prejudice and the finding that defendant *307 was prejudiced is without support unless, as urged by defendant, a presumption of prejudice arises from a violation of the cooperation clause.
[4] In reaching its decision, the trial court properly determined that it was bound by Margellini v. Pacific Automobile Ins. Co., 33 Cal. App.2d 93, 99-100 [91 P.2d 136], where it was reasoned that prejudice "must be presumed" as a matter of law from the breach of a cooperation clause by conduct similar to that involved here. We have concluded, however, that this reasoning is unsound and that Margellini should be disapproved. No statutory basis for the presumption of prejudice has been cited or found, and presumptions should not be created judicially unless there are compelling reasons for doing so. Although it may be difficult for an insurer to prove prejudice in some situations, it ordinarily would be at least as difficult for the injured person to prove a lack of prejudice, which involves proof of a negative. The presumption would not be in keeping with the public policy of this state to provide compensation for those negligently injured in automobile accidents through no fault of their own (Inter-insurance Exchange v. Ohio Cas. Ins. Co., 58 Cal.2d 142, 153-154 [23 Cal. Rptr. 592, 373 P.2d 640]; Wildman v. Government Employees Ins. Co., 48 Cal.2d 31, 39 [307 P.2d 359]), and we are of the view that a judicially created presumption of prejudice, whether conclusive or rebuttable, is unwarranted (in accord: Allen v. Cheatum, supra, 351 Mich. 585 [88 N.W.2d 306, 311-312]).
Margellini v. Pacific Automobile Ins. Co., 33 Cal. App.2d 93, is disapproved insofar as it is inconsistent with the views we have expressed regarding the impropriety of a presumption of prejudice. Statements contrary to our views appearing in Wasson v. Atlantic National Ins. Co., 207 Cal. App.2d 464, 467 [24 Cal. Rptr. 665], National Auto. & Cas. Ins. Co. v. Brown, 197 Cal. App.2d 605, 609-610 [17 Cal. Rptr. 347], Security Ins. Co. v. Snyder-Lynch Motors, Inc., 183 Cal. App.2d 574, 581 [7 Cal. Rptr. 28], and Gibson v. Colonial Ins. Co., 92 Cal. App.2d 33, 36 [206 P.2d 387], are also disapproved.
The judgment is reversed.
Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.