[No. D012953. Fourth Dist., Div. One. Dec. 11, 1990.]

MICHAEL FIORITO et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
STATE FARM FIRE AND CASUALTY CO., Real Party in
Interest.

**COUNSEL**

Robbins & Keehn, Michael V. Pundeff and P. Michael Mudgett for Petitioners.

No appearance for Respondent.

Hill, Genson, Even, Crandall & Wade, William R. Lowe and Tod M. Castronovo for Real Party in Interest.

**OPINION**

**HUFFMAN, J.**—The court sustained State Farm Fire and Casualty Co.'s (State Farm) general demurrers to causes of action in which Michael and Elaine Fiorito (the Fioritos) sought recovery of pre-tender defense expenses. The Fioritos seek a writ directing the court to vacate its order and to enter an order overruling the demurrers. Because we conclude the amended cross-complaint pleads State Farm's failure to adequately inform the Fioritos regarding defense costs limitations, we grant the petition.

### BACKGROUND

In June or July 1988 the Fioritos were served with summons and complaint in Hialeah West Coast, Inc., etc. v. Michael Fiorito, et al. (Hialeah

action). The action was based upon the Fioritos' alleged failure to disclose alleged defects to the buyer of their home. The Fioritos engaged counsel to review the claims and to file an answer and cross-complaint within the statutory time periods. At the same time they searched for insurance policies that might provide coverage or defense.

On November 8, 1988, the Fioritos tendered defense of the action to State Farm, which had issued them several homeowners policies. After initially declining to defend, State Farm in April 1989 informed the Fioritos it would provide a defense under reservation of right and would pay attorneys fees and costs of counsel selected by the Fioritos. State Farm later refused to pay fees or costs incurred before November 8.

State Farm filed an action seeking a declaration it had no obligation to defend. The Fioritos answered and cross-complained for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief all based on State Farm's refusal to pay pre-tender expenses. State Farm demurred on the basis an insurer is not obligated to pay for pre-tender expenses. The court sustained the demurrers with leave to amend to plead nonpayment of posttender defense expenses.

The Fioritos filed a first amended cross-complaint with causes of action for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) intentional fraud, (4) negligent misrepresentation, and (5) declaratory relief. Each of the causes of action are substantially based on State Farm's refusal to pay pre-tender defense expenses. State Farm again demurred. The court sustained the demurrers as to all causes of action and as to the first, second, and fifth causes of action gave the Fioritos leave to amend to plead only nonpayment of posttender defense costs.[1]

The Fioritos seek a writ of mandate as to the court's ruling on the first, second, and fifth causes of action. We stayed the filing of the second amended complaint.

### DISCUSSION

### I

We first address State Farm's argument the Fioritos have not established the need for extraordinary relief because there is no irreparable injury

---

[1] The minute order states the demurrers to the first, second and fifth causes of action were sustained with leave to amend to plead nonpayment of posttender defense costs. The reporter's transcript indicates the court may also have granted leave to amend to plead waiver as to the first and second causes of action.

and there is an adequate remedy at law. The fact the Fioritos were granted leave to amend does not mean there is no irreparable injury. Absent a waiver, the Fioritos have been denied the right to pursue the very expenses they claim have not been paid. Allowing them to pursue posttender expenses which admittedly have been paid affords them no relief. Additionally, appeal is inadequate as the Fioritos would be subjected to piecemeal litigation rather than having all of the related issues resolved in one suit.

## II

We turn now to the question whether the court erred in sustaining the demurrer as to the first, second, and fifth causes of action. Code of Civil Procedure section 430.30, subdivision (a),[2] provides: "When any ground for objection to a complaint, cross-complaint, or answer appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by demurrer to the pleading." A demurrer tests only the sufficiency of the pleading and lies only where the defect appears on the face of the pleading or from matters judicially noticed by the court. (See *Garton* v. *Title Ins. & Trust Co.* (1980) 106 Cal.App.3d 365, 375 [165 Cal.Rptr. 449]; *Joslin* v. *H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374 [228 Cal.Rptr. 878].) For purposes of testing the questions of law raised, a demurrer admits all material and issuable facts properly pled. (*McHugh* v. *Howard* (1958) 165 Cal.App.2d 169, 174 [331 P.2d 674].)

In their first amended cross-complaint the Fioritos alleged the homeowners policies provided:

(1) if a claim is made against the Fioritos for damages because of "bodily injury or property damage to which coverage applies" State Farm would be obligated to "provide a defense" at [State Farm's] expense;

(2) the Fioritos reasonably "understood and expected based upon the language of the Policies" and the "implied representations" of State Farm, that State Farm would provide the Fioritos with a defense in the Hialeah action at its expense and that the duty to defend "required STATE FARM to assume the entire costs of defense, including attorney's fees incurred . . . both before and after they tendered the defense to STATE FARM";

(3) State Farm never apprised the Fioritos that as insureds they "would be liable for the attorney's fees which they reasonably and necessarily in-

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

curred in defending against any action or claim after they were served . . . but before tendering the defense thereof to STATE FARM"; and

(4) no provision "clearly or unambiguously limiting STATE FARM's obligation under the Policies to pay only those attorney's fees and costs incurred on and after the date the [Fioritos] tendered their defense."

The cross-complaint adequately pleads that based on the policies and implied representations the Fioritos reasonably believed State Farm would provide them with a defense and assume the entire reasonable costs of defense including pre-tender costs. The causes of action were sufficient to withstand a general demurrer.

## III

The court, however, ruled the insurer as a matter of law was not required to pay the pre-tender expenses based on a policy provision allegedly contained in the policies. The provision upon which it relied provides "the insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the bodily injury" [voluntary payment provision].

The voluntary payment provision does not appear on the face of the pleading but rather is found in multiple policies attached to State Farm's complaint. The court may judicially notice its own records under Evidence Code section 452, subdivision (d). However, while the complaint alleges the attached policies are true and correct "reconstructed" policies issued to the Fioritos, the complaint is unverified. Further, the Fioritos generally denied all allegations in the complaint. ■ A demurrer is not the proper vehicle for determining the truth of disputed facts. (*Joslin, supra,* 184 Cal.App.3d at p. 374.) ■ The court erred in considering the voluntary payment provision.

However, even if the court properly considered the provision, it still erred in sustaining the demurrer. The cross-complaint alleges that upon being served with the summons and complaint in the Hialeah action the Fioritos retained counsel to take actions necessary to protect their legal interests in the suit. At the same time they searched for applicable insurance policies. Upon locating and reviewing the policies they tendered the defense. The Fioritos allege they were "compelled" to incur the pre-tender defense costs in order to respond to legal process and to protect their legal interests. They further allege the obligations incurred were not "voluntarily" made as the term was used in "one or more of the policies." The contract provision prohibits *voluntarily* incurring obligations except at the insured's own cost.

The allegations raise a question as to the "voluntariness" of the Fioritos actions in incurring pre-tender expenses.

## IV

State Farm takes the position that based on public policy an insured should never be allowed to recover pre-tender defense costs. In support of its position, State Farm sets forth a litany of arguments why an insured should be encouraged to promptly report a claim and how allowing recovery of pre-tender expenses would prejudice the rights of both insureds and insurers.[3]

While we agree that it is advisable for an insured to promptly tender defense of a lawsuit to its insurer, we do not agree recovery of pre-tender expenses should be denied in all cases as a matter of law. By contract an insurer may, and often does, specifically prohibit an insured from incurring defense costs without the insurer's prior consent. (See generally 7C Appleman, Insurance Law and Practice, § 4681, pp. 2-4.) Likewise, an insurer may specifically prohibit the recovery of pre-tender defense expenses. Recovery of pre-tender defense expenses is dependent upon the normal rules of interpretation of an insurance contract and the particular circumstances of a case.

Relying on *Gribaldo, Jacobs, Jones & Associates* v. *Agrippina Versicherunges A.G.* (1970) 3 Cal.3d 434 [91 Cal.Rptr. 6, 476 P.2d 406] and *Cravens, Dargan & Co.* v. *Pacific Indem. Co.* (1972) 29 Cal.App.3d 594 [105 Cal.Rptr. 607], State Farm additionally argues an insurer is not obligated to pay for pre-tender defense costs because the duty to defend does not arise until the defense is tendered. *Cravens* does not involve the recovery of pretender defense expenses. *Agrippina* warrants more discussion.

In *Agrippina* the plaintiffs sought a declaration of the meaning of the deductible feature of the policy and its application to defense costs.(*Agrippina, supra,* 3 Cal.3d at p. 440.) The policy did not include an obligation to defend. (*Id.* at p. 448.) The plaintiffs, however, argued a duty to defend arose under Civil Code section 2778, subdivision 4, which provides that upon the request of an indemnitee, an indemnitor is bound to

---

[3] State Farm, inter alia, argues payment of pre-tender expenses discourages the prompt submission of claims, subverts the insurer's right to designate counsel of its choice, removes the insurer's right to control the defense of the litigation against the insured, allows an insured to give the defense to an unqualified attorney, creates expenses for an insurer which the insurer has no way to underwrite, increases the cost of and potentially protracts litigation, interferes with the insurer's ability to expeditiously settle claims, and undercuts the goals of Civil Code section 2860.

defend with respect to matters embraced in the indemnity. (*Agrippina,* *supra,* 3 Cal.3d at p. 448.) The court found the section did not apply because of contrary provisions in the policy. (*Ibid.*)

In dicta the court went on to discuss that even if the statutory duty to defend did apply, there would still be no recovery of cost of defense based on a policy provision requiring the insurer's prior consent to the expenditure of defense costs. (*Agrippina, supra,* 3 Cal.3d at pp. 448-449.) The court stated the only question was whether the underwriters had refused a request to defend or consented to the plaintiffs incurring defense costs. (*Id.* at p. 449.) The trial court had expressly found the plaintiffs made *no* request or demand for defense and that the plaintiffs voluntarily undertook the defense. (*Ibid.*) Under those circumstances the court found the insurer would not be responsible for the cost of defense.

The dicta in *Agrippina* does not apply here. As previously discussed, in ruling on the demurrer the court was limited to defects that appeared on the face of the cross-complaint. There was no contract provision regarding recovery of defense costs properly before the court.[4] Additionally, even assuming arguendo the court properly considered the voluntary payments provisions, the Fioritos' pleading alleges sufficient facts to raise questions whether the pre-tender expenses were "voluntarily" paid.

On the record before us, we do not determine whether the Fioritos may eventually be entitled to recover pre-tender defense costs. Rather, we reject State Farm's argument recovery of pre-tender defense expenses are precluded as a matter of law.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (§ 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

---

[4]State Farm directs our attention to an out-of-state case in which, on the basis of a provision identical to the voluntary payment provision, an insured was denied recovery of the cost of defense. (See *Milwaukee Guardian Ins.* v. *Reichhart* (Ind.Ct.App. 1985) 479 N.E.2d 1340.) *Reichhart* is readily distinguishable, the plaintiff not having even provided notice of the suit to the insurer until after trial. Additionally, plaintiff did not argue the contract provision was ambiguous and conceded he voluntarily incurred the defense costs. (*Id.* at p. 1342.) The court also determined that under the facts of the case the insurer had been prejudiced by the delay as a matter of law. (*Id.* at p. 1343.) Here, the Fioritos vigorously urge the voluntary payment provision does not apply to pre-tender defense costs. We note the provision does not specifically refer to the costs of defense and there is a question what a reasonable insured would understand reading the provision. However, considering the present posture of the case we need not consider at this time whether the provision applies to pre-tender defense expenses.

## Disposition

Let a peremptory writ issue directing the court to vacate its order sustaining the demurrer as to the first, second and fifth causes of action with leave to amend and to enter a new order overruling the demurrer as to those causes of action. The stay issued September 10, 1990, is hereby vacated.

Work, Acting P. J., and Todd, J., concurred.