Gerald FAUST, an individual; Faust Management Corporation, a corporation, Plaintiffs–Appellants,

v.

THE TRAVELERS, a corporation; The Travelers Indemnity Company of Illinois, Defendants–Appellees.

No. 93–56338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1995.

Decided May 22, 1995.

Michael J. Faber, Yuhl, Faber & Yuhl, Santa Monica, CA, for plaintiffs-appellants.

Thomas Holden, Sonnenschein, Nath & Rosenthal, San Francisco, CA, for defendants-appellees.

Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,* Senior District Judge.

SAMUEL P. KING, Senior District Judge:

Gerald Faust and Faust Management Corporation (collectively "Faust") appeal the district court's summary judgment in favor of Faust's liability insurer, The Travelers ("Travelers"), in Faust's action seeking reimbursement of certain attorneys' fees and other defense costs incurred during Faust's defense of a lawsuit. Faust contends the district court erred by: (1) finding Travelers

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

had no obligation to reimburse Faust for defense costs incurred by Faust before it tendered its defense to the insurer; (2) concluding that no genuine dispute of material fact existed as to the voluntariness of Faust's pre-tender payments; and (3) finding that Travelers had no obligation to defend three shareholders not named as insureds under its policy. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

Faust Management Group ("FMG") was the named insured under a general liability insurance policy purchased from Travelers. Among the policy's terms was a clause that read, in pertinent part: "[n]o insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

On November 28, 1990, the Adizes Institute, Inc. ("Adizes") sued Faust in federal court. Faust was served on or about the same date. The lawsuit alleged that Adizes had been damaged as a result of Faust's business activities and sought, inter alia, injunctive relief in the form of a temporary restraining order and a preliminary injunction. Faust did not notify Travelers of the claim, but retained its own counsel to defend the action, which was dismissed on February 28, 1991.

Adizes subsequently filed another lawsuit against Faust, this time in state court. The second lawsuit, in addition to naming Faust, also named three individual defendants: Tom Zizic, Art Trump and David Hungerford (the "individual defendants"). The three were shareholders in GFTZ Corporation, which according to Gerald Faust was formed for the sole purpose of final development and marketing of Faust Management Corporation's main product.

On April 19, 1991, Faust, seeking inter alia, reimbursement for defense costs already incurred, purported to tender defense of both *Adizes* actions to Travelers. A tender of defense is an offer by the policyholder to the insurer to allow the insurer to defend the policyholder in a lawsuit. Because the first

*Adizes* lawsuit was over, it was impossible for Travelers to defend its policyholder in that case. The purported tender of defense of that lawsuit was thus merely a claim for reimbursement. Faust's purported tender constituted Travelers' first notice of the *Adizes* actions. Travelers accepted the tender of the defense of the second *Adizes* action under a reservation of rights, but refused to reimburse Faust for pre-tender defense costs or to extend coverage to Zizic, Trump and Hungerford.

## II.

■ As this court has previously noted, California courts have consistently honored voluntary payment provisions such as the one in the subject policy in this case. *See Northern Ins. Co. of New York v. Allied Mut. Ins. Co.,* 955 F.2d 1353, 1360 (9th Cir.1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 3033, 120 L.Ed.2d 903 (1992) (citing *Gribaldo, Jacobs, Jones & Assoc. v. Agrippina Versicherunges A.G.,* 3 Cal.3d 434, 91 Cal.Rptr. 6, 15, 476 P.2d 406, 415 (1970)).

Faust does not cite any California authority, and this court is aware of none, that imposes a prejudice requirement for enforcement of the provision. Faust notes, however, that California courts have required a showing of prejudice before an insurer will be allowed to avoid liability on the basis of the insured's breach of a *notice* or *cooperation* clause in a policy. *See, e.g., Clemmer v. Hartford Ins. Co.,* 22 Cal.3d 865, 151 Cal. Rptr. 285, 587 P.2d 1098 (1978); *Campbell v. Allstate Ins. Co.,* 60 Cal.2d 303, 32 Cal.Rptr. 827, 384 P.2d 155 (1963); *Abrams v. American Fidelity & Cas. Co.,* 32 Cal.2d 233, 195 P.2d 797 (1948); *Moe v. Transamerica Title Ins. Co.,* 21 Cal.App.3d 289, 98 Cal.Rptr. 547 (1971).

As Travelers correctly notes, however, in each of the cases cited by Faust, the insurer argued that the insured's breach of the notice or cooperation condition *discharged the insurer's duty to perform.* Thus, in each case, enforcement of the provision in question would have worked a forfeiture of the insured's rights under the policy. The voluntary payment provision, by contrast, provides only that an insurer will not be held liable for

expenses voluntarily incurred by an insured before tendering defense of a suit to the insurer. Travelers does not—and did not—argue that it had no duty to perform because of Faust's tardy tender. In fact, Travelers accepted Faust's tender of the defense in the second *Adizes* action.

## III.

■ The policy provision at issue in the instant case precludes recovery of pre-tender costs "voluntarily incurred" by the insured. Faust contends, in effect, that a genuine dispute of material fact existed, so as to preclude summary judgment, as to whether the defense costs run up prior to tender to Travelers were incurred "voluntarily."

Faust relies on *Fiorito v. Superior Court,* 226 Cal.App.3d 433, 277 Cal.Rptr. 27 (1990), in which the court held that a voluntary payment provision similar to the one at issue here did not preclude insureds, as a matter of law, from recovering pre-tender defense costs. In ordering the trial court to overrule the insurer's demurrer, the appeals court found that the insureds had alleged sufficient facts in their pleadings to raise a question of fact as to whether the pre-tender expenses were "voluntarily" paid.

As this court indicated in *Northern Insurance, supra,* the holding in *Fiorito* turned largely on the possibility that the defense of the underlying action had to begin "before the insured had time to identify the insurer and then tender the defense." *Northern Insurance,* 955 F.2d at 1360. No such situation existed in the instant case. Faust has admitted that it knew on the day it was served with the first *Adizes* action that it had a general liability insurance policy with Travelers. Moreover, Faust has admitted that it had a copy of the Travelers policy on the day it was served.

Faust argues that the urgency of the situation presented by the *Adizes* lawsuit, particularly the plaintiffs' requests for a temporary restraining order and preliminary injunction, prevented Faust from taking the time to tender defense of the action to Travelers. In fact, however, Faust offers no plausible reason for the more than four-month-long delay

before the tender. Even assuming Faust had to immediately retain counsel to counter the TRO motion, Faust offers no explanation for why it or its counsel could not have prepared and sent a tender letter to Travelers in the days or weeks following the filing and service of the first *Adizes* action.

On these facts, the district court did not err in concluding that no genuine dispute of material fact existed as to the voluntariness of the pre-tender costs and that Travelers was thus entitled to judgment on this issue as a matter of law.

## IV.

■ Faust's remaining contentions with respect to the voluntary payment provision, that it was ambiguous and thus should be construed against the insurer, is without merit. Faust contends that because the clause does not specifically refer to attorneys' fees or other defense costs, it should be construed so as not to include such expenses. But the clause provides that "no insureds will, except at their own cost, voluntarily ... incur *any* expense, other than for first aid, without our consent." As Travelers notes, if hiring and paying an attorney is not "incurring an expense," it is hard to imagine what is.

## V.

Faust contends that the district court erred in granting summary judgment as to Travelers' responsibility for defense costs incurred on behalf of the three individual shareholders in GFTZ Corporation. Faust argues that the named insured, FMG, was not a distinct corporate entity but rather an "umbrella concept" that included within it both Faust Management Company ("FMC") and GFTZ. The Travelers policy provided that stockholders of the named insured are also insureds. Faust contends that because GFTZ fell within the FMG "umbrella," both GFTZ and its shareholders were insureds.

The district court noted that Faust first raised this argument in its opposition to Travelers' motion for summary judgment. Previously, Faust had not argued that Trump, Hungerford and Zizic were insureds,

but rather that Travelers should defend them because Faust had agreed to indemnify them under an "insured contract."

The district court further noted that Faust's pleadings in the instant action belied its newfound argument that FMG was an umbrella group that included both FMC and GFTZ. Faust's complaint alleged that the Travelers insured against liability arising out of the "certain business activities of plaintiff FMC, *sometimes known as Faust Management Group,*" and otherwise equates FMC and FMG. (Emphasis added.) Faust never moved to amend the complaint.

The district court correctly found that the complaint's averment that FMC and FMG were one and the same and that the labels could be used interchangeably constituted a judicial admission. That admission conclusively established that FMG and FMC were one and the same—and not that FMG was an "umbrella" for entities including GFTZ. GFTZ is thus not an insured under the Travelers policy, and neither are its stockholders.

## VI.

We AFFIRM the judgment of the district court.