FILED

OCT 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UMPQUA BANK, an Oregon chartered bank,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>    Defendant - Appellee. | No. 11-17660<br><br>D.C. No. 2:09-cv-03208-WBS-EFB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted October 11, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

"We review the district court's grant of summary judgment *de novo*."

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). "We

will only affirm if, viewing that evidence in the light most favorable to the

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

nonmoving party, there are no genuine issues of material fact and the district court correctly applied the relevant substantive law." *Id.* We affirm the district court's grant of summary judgment in favor of First American Title Insurance Company.

1. Umpqua Bank's claim that First American breached its agreement to provide title insurance to Umpqua must fail. The undisputed evidence shows that First American is not liable for Umpqua's loss or damage, because Umpqua voluntarily settled a claim without prior written consent from First American. The no voluntary payments (NVP) provision of the insurance contract (paragraph 8(c)), specifically provides that First American "shall not be liable for loss or damage to [Umpqua] for liability voluntarily assumed by [Umpqua] in settling any claim or suit without [First American's] prior written consent." California law outlines that an NVP provision means that "insureds cannot unilaterally settle a claim before the establishment of the claim against them and the insurer's refusal to defend in a lawsuit to establish liability." *Low v. Golden Eagle Ins. Co.*, 2 Cal. Rptr. 3d 761, 770 (Cal. Ct. App. 2003) (citing *Jamestown Builders, Inc. v. Gen. Star Indemnity Co.*, 91 Cal. Rptr. 2d 514, 517 (Cal. Ct. App. 1999)). For fourteen months before tendering the defense to First American, Umpqua litigated the claim (brought against it by Teichert) that it now alleges should be covered by the insurance

agreement. Only fourteen days after tendering the defense, Umpqua settled the claim without First American's consent.

2. No valid exception to enforcing the NVP provision applies. The fact that Umpqua litigated with Teichert for fourteen months before notifying First American of the claim demonstrates that the ensuing settlement was not rendered involuntary by circumstances outside of Umpqua's control. *Jamestown Builders*, 91 Cal. Rptr. 2d at 516. Umpqua also does not dispute that it knew the subject coverage applied to the Teichert dispute at its outset. *Faust v. The Travelers*, 55 F.3d 471, 473 (9th Cir. 1995). And First American did not abandon Umpqua, because Umpqua did not give First American time to decide whether First American was going to assume or reject the defense before Umpqua settled with Teichert. *Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.*, 476 P.2d 406, 415 (Cal. 1970).

3. Finally, this court need not consider Umpqua's fact-intensive estoppel and waiver arguments, because they were not made before the district court. *Great Sw. Life Ins. Co. v. Frazier*, 860 F.2d 896, 903 (9th Cir. 1988). Similarly, Umpqua's argument contesting First American's other grounds for denying insurance coverage are outside the bounds of this appeal, as the district court granted summary judgment only with respect to the applicability of the NVP provision.

*Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

**AFFIRMED**.