**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARGONAUT INSURANCE COMPANY, an Illinois corporation,

　　　　　Plaintiff-counter-defendant - Appellee,

　v.

ELITE HOME MEDICAL & RESPIRATORY, INC. and STEVE R. WHITFORD, an individual,

　　　　　Defendants-counter-claimants - Appellants.

No. 12-57146

D.C. No. 8:11-cv-01445-JVS-MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 3, 2015
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

---

　　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Elite Home Medical & Respiratory, Inc. and Steve R. Whitford (collectively, "Elite Home") appeal from the district court's grant of summary judgment in favor of Elite Home's insurer, Argonaut Insurance Company. We affirm.

The district court correctly determined that there was no genuine dispute of material fact that Elite Home was not entitled to independent counsel under California law because Elite Home failed to provide evidence of a conflict between its interests and Argonaut's interests. Because Argonaut did not reserve its rights as to the sexual battery claim, "there can be no actual conflict based on the application of that exclusion during the pendency of the action." *Fed. Ins. Co. v. MBL, Inc.*, 219 Cal. App. 4th 29, 44 (2013). Argonaut reserved its rights only as to damages for bodily injury, which is not an issue that counsel hired by Argonaut could control in a manner that would favor Argonaut. *See* Cal. Civ. Code § 2860(b); *Blanchard v. State Farm Fire & Cas. Co.*, 2 Cal. App. 4th 345, 350 (1991). Further, the general reservations of rights contained in Argonaut's letters to Elite Home do not create a conflict of interest. *See Dynamic Concepts, Inc. v. Truck Ins. Exch.*, 61 Cal. App. 4th 999, 1007–08 (1998). Argonaut met its burden of proving that Elite Home could not establish the existence of a conflict of interest by submitting the state court complaints, the insurance policy contract, letters between Argonaut and Elite Home, and declarations from counsel. *Cf. Gafcon,*

2

*Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1423–24 (2002). Elite Home waived its arguments that a conflict was created by Argonaut's reservation of rights as to the wage and hour exclusion, and by the application of section 533 of the California Insurance Code, because Elite Home failed to raise these arguments to the district court. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

The district court properly determined that Elite Home breached the cooperation clause in the insurance policy contract and that Argonaut was substantially prejudiced by this breach. There is no genuine dispute of material fact that Elite Home's refusal to tender its defense to Argonaut's counsel substantially prejudiced Argonaut's ability to provide a defense. *See Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 975–76 (2000); *see also Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 1007 (2010). The district court thus correctly determined that Argonaut was excused from further representation of Elite Home in those matters because of a material breach of the insurance policy contract's cooperation clause. The district court also did not err in concluding that the insurance policy contract relieved Argonaut of a duty to reimburse Elite Home for the voluntary payments made for independent counsel. *See Faust v. The Travelers*, 55 F.3d 471, 472–73 (9th Cir. 1995).

In light of its disposition in favor of Argonaut on all claims, the district court properly granted summary judgment denying each of Elite Home's counterclaims.[1]

**AFFIRMED**.

---

[1] We deny Elite Home's request for judicial notice filed on July 5, 2013, because the documents it seeks to introduce are not necessary to our resolution of the cooperation clause or any other claim. *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000). Accordingly, we also deny Argonaut's conditional request for judicial notice filed on October 4, 2013. We grant in part Argonaut's October 4, 2013 motion to strike Elite Home's Opening Brief as to the specified portions that refer to matters that were not properly before the district court.