STATE of Oklahoma, ex rel. John P. CRAWFORD, Insurance Commissioner, Plaintiff/Appellee,

v.

INDEMNITY UNDERWRITERS INSURANCE COMPANY, a licensed domestic insurer in the State of Oklahoma, Defendant,

v.

FANIE INTERNATIONAL, Appellant.

No. 87048.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 3, 1997.

As Corrected July 3, 1997.

Orval E. Jones, General Counsel, James L. Chastain, II, Assistant General Counsel, Oklahoma Insurance Department, Oklahoma City, for Plaintiff/Appellee.

Douglas B. Spoors, Pro Hac Vice, Irvine, CA, for Appellant.

OPINION

BUETTNER, Judge:

¶1 Appellant Fanié International (Fanié) was sued in Los Angeles County, California in a products liability action. The lawsuit, filed May 19, 1992, was brought during the term of a general liability insurance policy

Fanié had purchased from Indemnity Underwriters Insurance Company (Indemnity). Fanié submitted its claim to Indemnity February 11, 1993. Indemnity informed Fanié that it was denying coverage because the policy was a "claims made" policy which had been canceled January 13, 1993 because of failure to pay premiums. The lawsuit was tried to a jury which returned a verdict in favor of Fanié.

¶ 2 Indemnity went into receivership in June 1993. Fanié filed its proof of claim in an effort to recover the costs and fees expended in its successful defense of the California lawsuit. The Receiver recommended that Fanié's claim be disallowed. Fanié then filed its objection, which included documentary evidence of its claim in the amount of $30,384.91, arguing that Indemnity's denial of coverage was erroneous under California law. The Insurance Commissioner responded and submitted documents to the court. After considering the briefs, evidence submitted with the briefs, and the parties' arguments, the District Court issued its order disallowing Fanié's claim.

## ISSUES

¶ 3 On appeal, Fanié contends that (1) the language of the insurance policy is ambiguous; (2) its notice of the claim to Indemnity was sufficient; (3) the "notice-prejudice" rule applies to "claims made" policies; and (4) Indemnity cannot meet the burden of proving prejudice. We find that the insurance policy language is not ambiguous; that the notice of the claim to Indemnity was fatally out-of-time; that the "notice-prejudice" rule does not apply to "claims made" policies and, consequently, Indemnity did not have to show prejudice.

## DISCUSSION

■ ¶ 4 Integral to this appeal is an understanding of a "claims made" insurance policy.

Under a claims made policy, coverage is only triggered when, during the policy period, an insured becomes aware of and notifies the insurer of either claims against the insured or occurrences that might give rise to such a claim....

In a 'claims made' policy, the notice is the event that invokes coverage under the policy. Clear notice of a claim or occurrence during the policy period is crucial, because allowing actual notice beyond the policy period would 'constitute [] an unbargained for expansion of coverage, gratis, resulting in the insurance company's exposure to a risk substantially broader than that expressly insured against in the policy.' [citations omitted] Claims made policies are often a more economical way to provide coverage for risks like professional responsibility, because the notice requirements allow an insurer to 'close its books' on a policy at the expiration date and thus 'attain a level of predictability unattainable under standard occurrence policies' [citations omitted].... Such a policy reduces the potential exposure of the insurer, thus reducing the policy cost to the insured. *LaForge v. The American Casualty Company of Reading, Pennsylvania,* 37 F.3d 580, 583 (10th Cir.1994).

■ ¶ 5 Occurrence liability policies, on the other hand, allow for notice after the term of the insurance contract, so long as the insurable event occurred during the term, because these policies historically covered identifiable events such as collision, fire and war. "Notice provisions contained in such occurrence policies were 'included to aid the insurer in investigating, settling, and defending claims,' not as a definition of coverage." *Slater v. Lawyers' Mutual Insurance Company,* 227 Cal.App.3d 1415, 1422, 1423, 278 Cal.Rptr. 479 (1991).

## ISSUES REVIEWED

■ ¶ 6 Fanié first argues that the insurance policy is ambiguous and as such, should be construed in its favor. The policy is clearly a claims made policy, as shown at page one of the policy:

The coverage provided by this form is limited TO LIABILITY for those CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED FOR DAMAGES SUSTAINED AFTER THE RETROACTIVE DATE SHOWN BELOW

AND REPORTED, IN WRITING, TO THE COMPANY DURING THE POLICY PERIOD except as otherwise provided herein. The definitions, exclusions and supplemental conditions contained in this form apply only to this Coverage Form and supersede all other terms which conflict. PLEASE REVIEW THE WORDING CAREFULLY.

Fanié asserts that the language found in XII, "CONDITIONS," at page five, paragraph 3, "Insured's Duties in the Event of an Occurrence, Claim or Suit," creates an ambiguity, essentially transforming the policy from a "claims made" to an "occurrence" policy, with a resultant breach of the cooperation clause. Paragraph 3(a) states:

> (a) **In the event of an occurrence,** written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable.

An ambiguity may be defined as "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time." *Webster's Third New International Dictionary,* 1986. It is the duty of the court to determine whether an insurance contract contains an ambiguity. "However, neither forced nor strained construction will be indulged, nor will any provision be taken out of context and narrowly focused upon to create and then construe an ambiguity so as to import a favorable consideration to either party than that expressed in the contract." *Dodson v. St. Paul Insurance Co.,* 1991 OK 24, 812 P.2d 372, 376; *cf. Helfand v. National Union Fire Insurance Company of Pittsburgh, Pa.,* 10 Cal.App.4th 869, 880, 13 Cal. Rptr.2d 295 (1992). ("A policy provision is ambiguous if it is capable of more than one reasonable construction. However, we will not strain the policy language to create an

ambiguity. Moreover, we will not label a provision ambiguous simply upon isolating phrases and considering them in the abstract. Rather, we must construe the provision in relation to the whole of the instrument, with each clause giving meaning to the other.")

¶ 7 In the case at bar, the two clauses create no ambiguity. The contract is a "claims made" policy. Coverage under the policy is determined by whether the insured notifies the insurer of the claim within the term of the policy. The claim was properly rejected for being made outside the term of the "claims made" policy.

■ ¶ 8 Fanié's second argument is bootstrapped from its first contention, that is, that the insurance policy contained a valid cooperation clause which would require Indemnity to show that it was prejudiced by the late notice[1]. We have already held that a cooperation clause is not necessarily inconsistent with a claims made policy. We note that the "hallmark of a 'claims made' policy is that exposure for claims terminates with expiration or termination of the policy, thereby providing certainty in gauging potential liability which in turn leads to more accurate calculation of reserves and premiums." *Helfand v. National Union Fire Insurance Company of Pittsburgh, Pa.,* 10 Cal.App.4th 869, 888, 13 Cal.Rptr.2d 295 (1992). It is possible that an insurance company could present a defense to the claim even if the insured made and reported his claim within the term of the policy, if the insured then failed to cooperate with the company in other respects as required by the contract. However, the duty to cooperate does not come into play if there is no coverage for the claim. We have found that the policy was a claims made policy which was not converted to an occurrence policy by use of the clause "as soon as practicable" language in the cooperation clause. Consequently, the "notice-prejudice" rule does not apply.

---

1. The California "notice-prejudice" rule states that an "insurer may assert defenses based upon a breach by the insured of a condition of the policy such as a cooperation clause, but the

breach cannot be a valid defense unless the insurer was substantially prejudiced thereby." *Campbell v. Allstate Insurance Co.,* 60 Cal.2d 303, 32 Cal.Rptr. 827, 384 P.2d 155, 156 (1963).

¶ 9 For its third proposition of error, Fanié argues that the notice-prejudice rule applies in claims made and reported cases. In *Mt. Hawley Insurance Company v. Federal Savings & Loan Insurance Corporation*, 695 F.Supp. 469, 480 (C.D.Cal.1987), the court stated that "under California law, the mere violation of a notice provision in an insurance policy, even a 'claims made and reported' policy as this one purports to be, does not relieve the insurer of its obligations under the policy unless the insurer can show that it was substantially prejudiced by the violation." Research shows that the opinion expressed in *Mt. Hawley* is a minority view, one not followed by *Slater v. Lawyers' Mutual Insurance Company*, 227 Cal.App.3d 1415, 1423, 278 Cal.Rptr. 479 (1991) in which the California Court of Appeals stated that the

> effect of applying the 'notice-prejudice' rule as developed in *Campbell* and its progeny to the facts of this case would be to convert EPIC's claims-made policy into an occurrence policy. In the absence of actual prejudice from late reporting, which also defeats coverage under an occurrence policy, all negligence during the policy period would be covered.

We find that the better-reasoned view is that the "notice-prejudice" rule does not apply to claims made policies when the claim is made after the policy expires. Because claims made policies require that the event happen and notice of the claim be given to the insurance company during the term of the insurance contract, the insurance company does not have to show it was prejudiced by a late notice.

¶ 10 In light of our holding that, in a claims made policy, an insurer does not have to show it was prejudiced by a late notice, we decline to address Fanié's fourth proposition of error.

¶ 11 For these reasons, we affirm the order of the District Court disallowing Fanié's claim.

AFFIRMED.

HANSEN, P.J., and ADAMS, C.J., concur.