**SERVICE MANAGEMENT SYSTEMS, INC., Plaintiff–Appellant/Cross–Appellee,**

v.

**STEADFAST INSURANCE COMPANY, Defendant–Appellee/Cross–Appellant.**

Nos. 04–57019, 04–57104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Jan. 4, 2007.

Mark A. Dombroff, Esq., Dombroff & Gilmore, Washington, DC, Gregg S. Garfinkel, Stone, Rosenblatt & Cha, Thomas B. Almy, Esq., Encino, CA, Penthouse, Dombroff & Gilmore PC, McLean, VA, for Plaintiff–Appellant/Cross–Appellee.

Kelley K. Beck, Esq., Lindahl, Schnabel, Kardassakis & Beck, Los Angeles, CA, for Defendant–Appellee/Cross–Appellant.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM [*]

In this diversity action arising out of California law, Service Management Systems, Inc., ("SMS") sued Steadfast Insurance Company ("Steadfast") for not defending and indemnifying SMS against a slip-and-fall action. SMS appeals the district court's summary dismissal of its state tort claims and its request for a declaratory judgment that Steadfast waived or was estopped from asserting a defense based on SMS's violations of the insurance contract's notice and reporting requirements. Steadfast cross-appeals the court's partial summary judgment holding that Steadfast had a duty to indemnify and defend SMS,

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

and therefore breached the insurance contract. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ SMS concedes it violated the reporting requirements set forth in the Self Insured Retention ("SIR") Endorsement to the primary Commercial General Liability policy, and Steadfast does not contend it can demonstrate prejudice from SMS's violations. Therefore, the question of whether Steadfast had a duty to defend and indemnify, and thus, whether it breached the insurance contract, centers on whether California's notice-prejudice rule applies to this insurance policy.[1] We agree with the district court that it does.

California's notice-prejudice rule provides "that breach by an insured of a cooperation or notice clause may not be asserted by an insurer unless the insurer was substantially prejudiced thereby." *Nw. Title Sec. Co. v. Flack*, 6 Cal.App.3d 134, 85 Cal.Rptr. 693, 696–97 (1970). While California courts do not always apply this rule to claims-made policies, "in which coverage is determined by claims made within the policy period, regardless of when the events that caused the claim to materialize first occurred," they consistently apply the rule to occurrence policies, "in which coverage is triggered by events that occur within the policy period, even if they lead to claims years after the policy period." *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir.2002). The reason for the distinction is that an occurrence policy provider will have made actuarial projections for claims beyond the policy period, but a claims-made provider will have projected risks and premiums only for claims made during the policy period. Therefore, ap-

plying the rule to a claims-made policy would effectively "convert" it into an occurrence policy, which is "tantamount to an *extension of coverage* to the insured gratis." *Slater v. Lawyers' Mut. Ins. Co.*, 227 Cal.App.3d 1415, 278 Cal.Rptr. 479, 483–84 (1991) (internal quotation marks and citations omitted).

■ The policy at issue is an occurrence policy; it not only says so on its title page, but its coverage definition is based on an occurrence. The SIR Endorsement may add notice and reporting requirements as a condition precedent to coverage, but California courts have applied the rule "even though compliance with the notice provisions is made a condition of the policy or specified as a condition precedent to the liability of the insurer," and even where the insured is subject to specific reporting requirements. *Hanover Ins. Co. v. Carroll*, 241 Cal.App.2d 558, 50 Cal.Rptr. 704, 709 (1966). Steadfast argues that a clause in the SIR Endorsement stating that it "shall not be required to establish prejudice resulting from noncompliance" demonstrates the inapplicability of the rule to this contract. Irrespective of this clause, we agree with the district court that it is insufficient to defeat California's strong public policy behind the notice-prejudice rule. *See Campbell v. Allstate Ins. Co.*, 60 Cal.2d 303, 32 Cal.Rptr. 827, 384 P.2d 155, 157 (1963) (rejecting a presumption of prejudice as against the "public policy of this state to provide compensation for" the insured). Therefore, we affirm the district court's determination that Steadfast had a duty to defend and indemnify, and thus breached the contract. In light of this determination, we need not reach SMS's waiver and estoppel claims.

---

1. We review decisions to grant or deny summary judgment de novo, and in assessing these cross-appeals, must "evaluate each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *Am. Civil Liberties Union v. City of Las Vegas*, 333 F.3d 1092, 1096–97 (9th Cir.2003).

We likewise affirm the district court's summary judgment on SMS's tort claims—breach of the implied covenant of good faith and fair dealing, and violation of the Unfair Competition Act ("UCA"), CAL. BUS. & PROF.CODE § § 17200–17210. SMS has not established a breach of the implied covenant because "there existed *a genuine issue as to the insurer's liability." Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir.2001) (citations omitted). Although we agree that the notice-prejudice rule applies to this contract, we also agree that the explicit prejudice disclaimer made it reasonable to argue for the opposite outcome. Steadfast was "entitled to argue for whatever interpretation of the law and policy language most benefited its own interests," and its denial of coverage therefore was not in bad faith. *Morris v. Paul Revere Life Ins. Co.,* 109 Cal.App.4th 966, 135 Cal.Rptr.2d 718, 724 (2003).

Because Steadfast's position was reasonable, and because SMS, as a sophisticated party, was well-aware of the prejudice disclaimer, no alleged facts could establish that Steadfast's actions violated the UCA as illegal, unfair, or fraudulent either. *See Wilner v. Sunset Life Ins. Co.,* 78 Cal.App.4th 952, 93 Cal.Rptr.2d 413, 422 (2000) (noting that the unfairness prong of the UCA must measure the "gravity of the harm" to the victim); *Podolsky v. First Healthcare Corp.,* 50 Cal. App.4th 632, 58 Cal.Rptr.2d 89, 98 (1996) (holding that the fraud prong requires the victims to be "likely to be deceived").

**AFFIRMED.**

---

* This disposition is not appropriate for publication and *is not precedent except as provided* by 9th Cir. R. 36–3.