■ STEADFAST INSURANCE COMPANY, Appellant, v CASDEN PROPERTIES, INC., et al., Respondents and Third-Party Plaintiffs. THE RUBIN GROUP, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [837 NYS2d 116]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 31, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion for summary judgment seeking a declaration that it owes no duty to provide a defense or coverage in the underlying North Carolina wrongful death action, unanimously affirmed, with costs.

The State of California adheres to the "Notice-Prejudice Rule" under which "a defense based on an insured's failure to give timely notice requires the insurer to prove that it suffered substantial prejudice. Prejudice is not presumed from delayed notice alone. The insurer must show actual prejudice, not the mere possibility of prejudice" (*Shell Oil Co. v Winterthur Swiss Ins. Co.*, 12 Cal App 4th 715, 760-761, 15 Cal Rptr 2d 815, 845 [1993] [citations omitted]; *see also Northwestern Tit. Sec. Co. v Flack*, 6 Cal App 3d 134, 141, 85 Cal Rptr 693, 696-697 [1970]; *Insurance Co. of State of Pa. v Associated Intl. Ins. Co.*, 922 F2d 516, 524 [9th Cir 1990]).

California law is imbued with a strong public policy against technical forfeitures in the insurance context (*see* Cal Civ Code § 3275; *Insurance Co. of State of Pa.*, 922 F2d at 524; *California Compensation & Fire Co. v Industrial Acc. Commn.*, 62 Cal 2d 532, 535, 399 P2d 381, 383 [1965]; *O'Morrow v Borad*, 27 Cal 2d 794, 800, 167 P2d 483, 487 [1946]), and California courts may refuse to enforce a provision in an insurance policy that violates public policy (*see Pacific Empls. Ins. Co. v Superior Ct.*, 221 Cal App 3d 1348, 1359, 270 Cal Rptr 779, 784-785 [1990]). Thus, for example, even where an insurance policy makes the notice provision a condition precedent to coverage, an insurer must nonetheless demonstrate prejudice to avoid liability based on the breach of notice requirement (*see Insurance Co. of State of Pa.*, 922 F2d at 524; *Hanover Ins. Co. v Carroll*, 241 Cal App 2d 558, 565, 50 Cal Rptr 704, 708-709 [1966]).

Given these principles, the motion court correctly determined that under California law, a policy endorsement waiving the requirement that an insurer must demonstrate prejudice in order to disclaim for untimely notice, thereby waiving the Notice-Prejudice Rule, is void as against public policy (*see Service Mgt. Sys., Inc. v Steadfast Ins. Co.*, 216 Fed Appx 662 [9th Cir 2007]). Concur—Friedman, J.P., Marlow, Nardelli, Buckley and Kavanagh, JJ.