Linda **GERTJEJANSEN**, Plaintiff—
Appellant,

v.

**KEMPER INSURANCE COMPANIES, INC.,** e/s/a **Lumbermens Mutual Casualty Company,** Defendant—Appellee.

No. 06–56329.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2008.*

Filed April 21, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**570**

Carroll A. McCortney, Esq., Law Offices of Carroll A. McCortney, Glendale, CA, for Plaintiff–Appellant.

Rachel S. Urquhart, Esq., Meckler Bulger & Tilson, Chicago, IL, David G. Halm, Esq., Pettit Kohn Ingrassia & Lutz, Los Angeles, CA, for Defendant–Appellee.

Before: BEEZER, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Linda Gertjejansen ("Gertjejansen") appeals the district court's order granting defendant's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The district court correctly upheld defendant's decision to deny Gertjejansen's claim for permanent disability benefits. The parties are familiar with the facts and we do not repeat them here.

We review the district court's grant of summary judgment de novo. *Qwest Commc'ns, Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006). We review a district court's interpretation of an ERISA insurance policy's language de novo and its findings of fact for clear error.

*Metropolitan Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir.2006).

■ Lumbermens contends that the district court incorrectly reviewed the administrator's decision to deny benefits de novo instead of for an abuse of discretion. We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir.2006) (en banc). Although Lumbermens has shown that the Summary Plan Description ("SPD") unambiguously confers upon the Plan administrator discretionary authority to determine eligibility for benefits and to construe the terms of the plan,[1] *see Ingram v. Martin Marietta Long Term Disability Income Plan*, 244 F.3d 1109, 1112 (9th Cir.2001), it has failed to show that it properly furnished Gertjejansen with the SPD as required by ERISA regulations. Under ERISA, "[t]he administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, a copy of the summary plan description, and all modifications and changes" within 120 days after the plan takes effect. 29 U.S.C. § 1024(b)(1)(B). A plan administrator satisfies those disclosure requirements by furnishing documents through electronic media as long as the administrator "takes appropriate and necessary measures reasonably calculated to ensure that the system for furnishing documents ... [r]esults in actual receipt of transmitted information." 29 C.F.R. § 2520.104b–1(c)(1)(i). Lumbermens has submitted nothing on the record to suggest that the mere placement of an updated SPD on its intranet site could ensure that Gertjejansen would actu-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Ninth Circuit holds that the SPD is a plan document and should be considered when interpreting an ERISA plan. *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1143 (9th Cir.2002).

ally receive the transmitted information. The district court correctly reviewed the denial of benefits de novo. When de novo review applies, "the court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie,* 458 F.3d at 963.

Gertjejansen contends that the district court erred in failing to consider whether she was in fact disabled under the terms of the policy. The analysis in a determination of a denial of benefits in an ERISA case begins with an examination of the governing plan documents. *See Parker,* 436 F.3d at 1113 (citing 29 U.S.C. § 1102(b)(4)). An ERISA plan must be administered in the interest of the participants and beneficiaries in accordance with the documents and instruments governing the plan. 29 U.S.C. § 1104(a)(1)(D). Here, the SPD unambiguously states that participants must cooperate with the claim administrator's request for a scheduled appointment for case management. It is clear from the record that Gertjejansen did not cooperate with repeated efforts to engage her in case management, making Lumbermens unable to reach a determination that Gertjejansen was disabled. It is therefore irrelevant whether Gertjejansen was in fact disabled because her breach of the Plan's terms prevented such a determination from being made. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 880 (9th Cir.2004).

Gertjejansen argues that the district court incorrectly relied upon her failure to cooperate because Lumbermens failed to show that it was prejudiced by her lack of cooperation. She argues that, under California law, an insured's failure to cooperate is only a valid defense if the insurer is "substantially prejudiced." *See Campbell*

v. *Allstate Ins. Co.,* 60 Cal.2d 303, 32 Cal. Rptr. 827, 384 P.2d 155 (1963). We will not consider this argument because Gertjejansen failed to raise it before the district court and has provided no evidence of exceptional circumstances to excuse that failure. *See Marx v. Loral Corp.,* 87 F.3d 1049, 1055 (9th Cir.1996) (internal citations omitted).

**AFFIRMED.**